FILED
NOV 3 0 2007
NOV 30 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JONATHAN HADNOTT, JESSIE HADNOTT, )
and KEVIN HUNT, )

         Plaintiffs,

v.

UNKNOWN UNNAMED OFFICERS OF THE
CHICAGO POLICE DEPARTMENT, and
CITY OF CHICAGO,

         Defendants.

07CV 6754
JUDGE COAR
MAGISTRATE JUDGE SCHENKIER

) Magistrate Judge _____
)
) JURY TRIAL DEMANDED

## CIVIL RIGHTS COMPLAINT

Plaintiffs, JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT, by and through their attorney, Irene K. Dymkar, complaining against defendants, state as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983) and 28 U.S.C. §2201, to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of false imprisonment and trespass.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

6. At all times herein mentioned, defendants UNKNOWN UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity. Once their actual names are known, plaintiffs will move to amend this complaint.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On December 2, 2006, at approximately 4:00 PM, plaintiff JONATHAN HADNOTT was lawfully in a public place at or near West 56th Street and South Racine Avenue in Chicago, Illinois, engaged in lawful conduct, when three UNKNOWN UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT stopped him without reasonable suspicion or legal cause.

9. Plaintiff was searched and placed under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

10. Defendant police officers drove to a residence at 7322 S. Green, Chicago, Illinois that is owned by plaintiff JONATHAN HADNOTT and in which plaintiffs JESSIE HADNOTT and KEVIN HUNT reside.

11. Defendant police officers entered and searched 7322 S. Green, Chicago, Illinois, without a warrant, without permission, and without legal cause.

12. Plaintiffs were detained against their will at the home and not allowed to leave while defendant police officers searched the home. Defendants said they were looking for a gun.

13. After defendant police officers finished their illegal search and did not find a gun, they left.

14. By reason of the above-described acts and omissions of the individual defendants, plaintiffs sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to their damage.

15. The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

16. By reason of the above-described acts and omissions of the individual defendants, plaintiffs was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs requests payment by the individual

defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### Plaintiff JONATHAN HADNOTT Against Individual Defendants for Illegal Stop

17. Plaintiff JONATHAN HADNOTT incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

18. The stop of plaintiff by the individual defendants was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

19. By reason of the conduct of the individual defendants, plaintiff JONATHAN HADNOTT was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants UNKNOWN UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
### All Plaintiffs Against Individual Defendants for False Arrest

20. Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

21. The arrest of plaintiffs by the individual defendants was without probable cause and unreasonable.

22. By reason of the conduct of the individual defendants, plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of

the United States and laws enacted thereunder. Therefore, defendants UNKNOWN UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

### COUNT III
### All Plaintiffs Against All Defendants for the State Supplemental Claim of False Imprisonment

23. Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

24. The arrest of plaintiffs by the individual defendants was without probable cause, unreasonable, and against the will of plaintiffs.

25. Defendants UNKNOWN UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and each of them, is liable to plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT under Illinois law for the state supplemental claim of false imprisonment.

26. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

### COUNT IV
### All Plaintiffs Against Individual Defendants for Unconstitutional Search of Home

27. Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

28. The individual defendants entered and searched the home at 7322 S. Green, Chicago, Illinois without a warrant, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

29. By reason of the conduct of the individual defendants, plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants UNKNOWN UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT V
### All Plaintiffs Against All Defendants for the State Supplemental Claim of Trespass

30. Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

31. The individual defendants entered and searched the home at 7322 S. Green, Chicago, Illinois without a warrant, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy. from the loss of certain liberty and related rights.

32. Defendants UNKNOWN UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and each of them, is liable to plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT under Illinois law for the state supplemental claim of trespass.

33. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT , by and through their attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

6

A.   That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

B.   That defendants be required to pay plaintiffs special damages,

C.   That defendants, except CITY OF CHICAGO, be required to pay plaintiffs attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

D.   That defendants, except CITY OF CHICAGO, be required to pay plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

E.   That defendants be required to pay plaintiffs costs of the suit herein incurred, and

F.   That plaintiffs be granted such other and further relief as this Court may deem just and proper

**PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY.**

Dated: November 30, 2007

Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiffs
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

7