UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN HADNOTT, JESSIE HADNOTT and KEVIN HUNT, )<br>)<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>UNKNOWN UNNAMED OFFICERS OF THE )<br>CHICAGO POLICE DEPARTMENT, and )<br>CITY OF CHICAGO, )<br>)<br>**Defendants.** ) | 07 C 6754<br><br>Judge David H. Coar<br><br>Magistrate Judge Schenkier<br><br>Jury Demand |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFFS' FIRST AMENDED CIVIL RIGHTS COMPLAINT**

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, answers the First Amended Civil Rights Complaint and states:

**NATURE OF CLAIM**

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983) and 28 U.S.C. §2201, to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** The City admits that Plaintiffs have brought this action under 42 U.S.C. § 1983 and 28 U.S.C. §2201 to redress alleged deprivations under color of law of Plaintiffs' rights. The City denies the allegations contained in Paragraph 1 to the extent that they pertain to the City of Chicago. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2. Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert

the Illinois state claims of false imprisonment and trespass.

**ANSWER:** The City admits that Plaintiffs purport to rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of false imprisonment and trespass.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

**ANSWER:** The City admits the allegations contained in Paragraph 3.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

## PARTIES

5. At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. At all times herein mentioned, defendants UNKNOWN UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity. Once their actual names are known, plaintiffs will move to amend this complaint.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 6.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:** The City admits it is a municipal organization organized under the laws of the State of Illinois. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

## STATEMENT OF FACTS

8. On December 4, 2006, at approximately 4:00 PM, plaintiff JONATHAN HADNOTT was lawfully in a public place at or near West 56th Street and South Racine Avenue in Chicago, Illinois, engaged in lawful conduct, when three UNKNOWN UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT stopped him without reasonable suspicion or legal cause.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Plaintiff was searched and placed under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Defendant police officers drove to a residence at 7322 S. Green, Chicago, Illinois that is owned by plaintiff JONATHAN HADNOTT and in which plaintiffs JESSIE HADNOTT and KEVIN HUNT reside.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Defendant police officers entered and searched 7322 S. Green, Chicago, Illinois, without a warrant, without permission, and without legal cause.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Plaintiffs were detained against their will at the home and not allowed to leave while defendant police officers searched the home. Defendants said they were looking for a gun.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. After defendant police officers finished their illegal search and did not find a gun, they left.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. By reason of the above-described acts and omissions of the individual defendants, plaintiffs sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to their damage.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. By reason of the above-described acts and omissions of the individual defendants, plaintiffs was [sic] required to retain an attorney to institute, prosecute and render legal assistance to him [sic] in the within action, so that he [sic] might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs requests [sic] payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

### COUNT I
### Plaintiff JONATHAN HADNOTT Against Individual Defendants for Illegal Stop

The City is not a party-defendant in Count I and therefore does not answer the allegations in this count.

### COUNT II
### All Plaintiffs Against Individual Defendants for False Arrest

The City is not a party-defendant in Count II and therefore does not answer the allegations in this count.

### COUNT III
### All Plaintiffs Against All Defendants for the State Supplemental Claim of False Imprisonment

23. Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT incorporate and reallege paragraphs 1 - 16, as though set forth herein in their entirety.

**ANSWER:** The City's answers to Paragraphs 1 through 16 of this Complaint are incorporated herein by reference as though fully set forth.

24. The arrest of plaintiffs by the individual defendants was without probable cause, unreasonable, and against the will of plaintiffs.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Defendants UNKNOWN UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and each of them, is liable to plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT under Illinois law for the state supplemental claim of false imprisonment.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

**ANSWER:** Plaintiffs' allegation that the City is liable pursuant to the doctrine of *respondeat superior* is a vague, incomplete and/or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law, and, therefore, this allegation is denied.

**COUNT IV**
**All Plaintiffs Against Individual Defendants for Unconstitutional Search of Home**

The City is not a party-defendant in Count I and therefore does not answer the allegations in this count.

**COUNT V**
**All Plaintiffs Against All Defendants for the State Supplemental Claim of Trespass**

30. Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT incorporate and reallege paragraphs 1 - 16, as though set forth herein in their entirety.

**ANSWER:** The City's answers to Paragraphs 1 through6 16 of this Complaint are

incorporated herein by reference as though fully set forth.

31. The individual defendants entered and searched the home at 7322 S. Green, Chicago, Illinois without a warrant, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy. [sic] from the loss of certain liberty and related rights.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. Defendants UNKNOWN UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and each of them, is liable to plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT under Illinois law for the state supplemental claim of trespass.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

**ANSWER:** Plaintiffs' allegation that the City is liable pursuant to the doctrine of *respondeat superior* is a vague, incomplete and/or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law, and, therefore, this allegation is denied.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on Plaintiffs' First Amended Civil Rights Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1.      Defendant City is not liable to Plaintiffs for their state law claims if its employees or agents are not liable to Plaintiffs. 745 ILCS 10/2-109.

2.      To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202.

3.      Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5.      To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiffs, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

6.      To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

**JURY DEMAND**

The Defendant, City of Chicago, requests trial by jury.

**DATED: FEBRUARY 4, 2008**

                                  Respectfully submitted,

                                  MARA S. GEORGES,
                                  Corporation Counsel
                                  City of Chicago

                     By:   */s/ Ashley C. Kosztya*
                                  ASHLEY C. KOSZTYA
                                  Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-9332
Attorney No. 06274884