UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN HADNOTT, JESSIE HADNOTT and KEVIN HUNT, | ) ) ) |
| Plaintiffs, | ) 07 C 6754 ) ) Judge David H. Coar |
| v. | ) ) Magistrate Judge Schenkier |
| UNKNOWN UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, | ) ) ) Jury Demand ) |
| Defendants. | ) |

### CITY OF CHICAGO'S MOTION FOR ENTRY OF A PROTECTIVE ORDER AND TO QUASH NOTICE OF DEPOSITIONS ISSUED BY PLAINTIFFS

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, pursuant to Federal Rule of Civil Procedure 26(b)(2)(C) and 26(c), respectfully requests that this Honorable Court quash two notices of oral deposition issued by Plaintiffs and to enter a protective order precluding the deposition of 7th District Commander Keith Calloway. In support of this motion, the City states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

As alleged in Plaintiffs' First Amended Complaint, on December 4, 2006 at 4:00 p.m., Plaintiff Jonathon Hadnott was at West 56th Street and Racine Avenue in Chicago when he was stopped by three unknown Chicago Police Officers. [*See* Plaintiff's First Amended Complaint, ¶ 8] These three unknown officers then placed him under "custodial arrest" and drove him to his mother's house located at 7322 South Green Street, where they detained all named Plaintiffs against their will and searched the house for a gun. [*See* Plaintiff's First Amended Complaint, ¶¶ 10 -12] After finishing their search, the unknown officers left the home. [*See* Plaintiff's First Amended

Complaint, ¶ 13]

This alleged incident led Plaintiffs' to sue the three unknown officers under 42 U.S.C. § 1983, claiming that the unknown officers illegal stop of Jonathan Hadnott, the false arrest of all Plaintiffs as well as the unconstitutional search of the home was in violation of their Fourth and Fourteenth Amendment rights. Plaintiffs also include state supplemental claims (for false imprisonment and trespass) for which they claim the unknown officers are liable. Plaintiffs further allege that the City is liable for these supplemental state claims based on the theory of *respondeat superior*.

One week after the Court set a discovery schedule in this matter, the City sent a letter to Plaintiffs' counsel requesting that they provide identifying information for the unknown officers in this case, as there was no information in the City's possession indicating that Plaintiff Jonathan Hadnott had been detained by officers working for the Chicago Police Department on December 4, 2006. [*See* Exhibit A1, City's correspondence dated February 13, 2008] Over a month passed before the City received a response to its inquiry; the information received was simply that these unknown officers were Caucasian, clean-shaven, not in uniform, between the ages of 20 - 40, and that they were in a car that was not a marked squad. [*See* Exhibit A2, Plaintiffs' correspondence dated March 15, 2008]

Based on the Plaintiffs' failure to provide the City with anything but the rudimentary basics pertaining to the alleged unknown officers' descriptions as well as the car they drove, the City promptly sent a letter requesting that the Plaintiffs examine a photo array of officers fitting this basic description who were working in the Seventh and Ninth Districts during the time period in question. [*See* Exhibit A3, City's correspondence dated March 17, 2008] This request was rejected. [*See*

Exhibit A4, Plaintiffs' correspondence dated March 19, 2008]

Two months later, on May 15th, a discovery status was held. At this status the parties were ordered to participate in a photo array in order for the Plaintiffs to attempt to identify the unknown officers. Also, at this status, counsel for the Plaintiffs handed undersigned counsel (1) Plaintiff's First Sets of Requests to Produce and (2) Notice of Oral Deposition for 7th District Commander Keith Calloway[1] and the "Person most knowledgeable as to who the unknown defendants are or most likely to have information as to who they might be." [*See* Exhibit B, Plaintiffs' Notice of Oral Deposition] These depositions were set for a mere six days after May 15th – the day the Notice was received.

The morning after the discovery status of May 15th, Plaintiff's counsel left a voicemail message for undersigned counsel. This message contained no information as to what dates the Plaintiffs were available to view the photo array ordered by the Court; rather, Plaintiffs' counsel demanded that her call be returned by 1:00 that same day, and that undersigned counsel tell her whether she would agree to respond to Plaintiffs' First Request to Produce within two weeks rather than the month given for responses under the Federal Rules (the City is not acquiescing to this demand).

## RELEVANT STANDARDS

Federal Rule of Civil Procedure 26(c) provides that the Court, upon a motion or on its own,

> ... "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had...." Rule 26(b)(2)(C) grants additional discretion to the court to limit discovery in the event that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or

---

[1] The first time the City saw mention of the name "Commander Calloway" in this case was when it received Plaintiff's Notice of Oral Deposition on May 15, 2008.

is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.

The Seventh Circuit Court of Appeals has confirmed that "[d]istrict courts have broad discretion in matters relating to discovery." *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002). It has cautioned, however, that "[b]efore restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court." *Id.* (internal quotation marks and citation omitted).

*Berning v. UAW Local 2209*, 2007 WL 1385367, *2 (N.D. Ind., 2007).

## ARGUMENT

**A. Analyzing Plaintiffs' Notice of Oral Deposition In Light of the Factors Delineated in Rule 26(b)(2)(C), a Protective Order Precluding Commander Calloway's Deposition is Appropriate.**

As noted in the Fact and Procedural Background Section of this brief, to date, the Plaintiffs have provided no legitimate information to the City that would point to whether or not the three Caucasian men who stopped Jonathan Hadnott and entered his mother's house were actually Chicago Police officers (it must also be noted that at the discovery status on May 15th, Plaintiffs' counsel stated that her clients now tell her that some of these men may actually have been Hispanic).

Further, there is no information contained in any of the City's records indicating that Plaintiff Jonathan Hadnott was detained/arrested or came into contact with officers from the Chicago Police Department on December 4, 2006. There is no evidence that any Chicago Police officer checked to see if he had outstanding warrants on that date, or that they ran a check on his Illinois State ID card.

Additionally, the incident occurred at 4:00 p.m. in an area that would have been patrolled by officers who work in either the 7th or 9th Districts, and there is a possibility that officers from one of two shifts could have been working at that time.

Taking the above into consideration, a protective order precluding the deposition of Commander Calloway is warranted. First, the Court cannot accurately assess the value of the information the Plaintiffs seek from Commander Calloway, as Plaintiffs have not discussed the subject matter of the information they hope to get from him. *See* Fed.R.Civ.P. 26(b)(2)(C)(iii). Assuming *arguendo* that they wish to ask him whether or not he can identify the three unknown men who stopped Jonathan Hadnott and searched for a gun in his mother's house – men who may or may not be white Caucasian or Hispanic, and who did not display any badges or possess other outward signs of being Chicago Police Officers – the City states that Plaintiffs have not attempted to obtain this desired information through less burdensome means, such as examining the photo array which they were order to do by this Court. *See* Fed.R.Civ.P. 26(b)(2)(C)(iii).

Further, the burden of this proposed discovery (the deposition of Commander Calloway) outweighs its likely benefit, when one takes into account the importance of the proposed discovery in resolving the issues. *See id*. As there is no record of Plaintiff Hadnott being detained/arrested by the Chicago Police Department on the night in question, and Plaintiffs themselves cannot accurately describe the three unknown men who were in civilian clothing driving in a car that was not a Chicago squad from almost two years ago, one can argue with almost 100% certainty that the Commander of the 7th District will not be able to, either. The City would be more than willing to provide an affidavit to Plaintiffs detailing his knowledge, or more likely, lack of knowledge, of the events in question, rather than subjecting him to the undue burden of a deposition when there is no

indication he will provide evidence regarding the events.

**B. The Noticed Deposition of the "Person most knowledgeable as to who the unknown defendants are or most likely to have information as to who they might be" Should be Quashed As Well.**

It is unfortunate for Plaintiffs' case that they failed to mark down, note or remember any salient characteristics of the three unknown men who allegedly violated their civil rights on December 4, 2006, or to note any information concerning the make, model, or license plate of the car Jonathan Hadnott was transported in to his mother's house. Based on this lack of information (as well as the lack of recorded evidence of this event even taking place in any of the Chicago Police Department records), along with the fact that the Plaintiffs do not recall the race of the unknown individuals, the City is unable to provide anyone who would possess information as to who the unknown individuals might be for deposition. As such, the City requests that the Court quash this notice of deposition.

## CONCLUSION

**WHEREFORE**, for each the foregoing reasons, the City of Chicago respectfully requests that a protective order be entered precluding the deposition of 7th District Commander Keith Calloway, that the two notices of oral deposition issued by Plaintiffs be quashed, and for any further relief deemed just by this Honorable Court.

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel
City of Chicago

                         By:     */s/ Ashley C. Kosztya*
                                      ASHLEY C. KOSZTYA
                                      Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-6922
Attorney No. 06274884