UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT, )<br>)<br>Plaintiffs,       ) | )<br>)<br>) Case No. 07 C 6754 |
| v.                                 ) | ) Judge David H. Coar<br>) |
| UNKNOWN UNNAMED OFFICERS OF THE  )<br>CHICAGO POLICE DEPARTMENT, and  )<br>CITY OF CHICAGO,                 ) | ) Magistrate Judge Schenkier<br>)<br>) |
| )<br>Defendants.          ) | ) |

**PLAINTIFFS' MOTION TO DISMISS THE ANSWER, OR, IN THE ALTERNATIVE, TO COMPEL DISCOVERY ON A SHORTENED SCHEDULE OR PRECLUDE WITNESSES AND EVIDENCE**

Plaintiffs, JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT, by and through their attorney, Irene K. Dymkar, hereby move this Court to enter an order dismissing the answer, or, in the alternative, compelling discovery on a shortened schedule, or precluding defendants from the use of witnesses or documents at trial. In support of their motion, plaintiffs state:

1)      This is a civil rights action brought pursuant to 42 U.S. §1983. The complaint was filed on November 30, 2007.

2)      Plaintiffs have complied with F.R.Civ.P. 37(a)(2). After enumerable attempts to consult by telephone and in person with defense attorney Ashley C. Kosztya in a good faith attempt to resolve differences, I am unable to reach an accord with her regarding plaintiffs' requests set forth in this motion. The attempts to consult are set forth in more detail herein.

3) Plaintiffs do not know the names of the officers who committed the constitutional violations. The officers did not introduce themselves. The officers were wearing plain clothes, the whole purpose of which was to camouflage the officers in the general population. Plaintiffs were very upset when this abuse occurred and have a difficult time recalling exact descriptions of the officers.

4) In the six months since this case was filed, there has been a total lack of cooperation on the part of defense counsel. I have suggested several ways in which the unknown officers in this case could be identified, but these suggestions have been rebuffed. Defense counsel has refused to return phone calls. When I have been able to communicate with her, she has given vague assurances, made promises that have been unfulfilled, and has been unable to commit to any production of information or any schedule.

5) Defense counsel refused to engage in communication about a joint proposed discovery order, despite the court's direction; refuses to make F.R.Civ.P. 26(a)(1) disclosures in violation of the court's order; refuses to produce any documents which would help identify the unknown defendants; and refuses to produce witnesses at deposition who could help identify the unknown defendants.

6) Plaintiffs are being seriously prejudiced. Judge David H. Coar has set June 5, 2008, as the deadline for a motion for leave to amend the complaint and has set July 7, 2008, as the deadline for discovery. He has stated that he will not change those dates. Judge Coar referred this matter to Magistrate Schenkier for an expedited resolution of discovery issues.

**Defendants' Answer Should be Dismissed**

7) Defendants' answer (Document 16) consists of a repetition of the sentence: "The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph X."

8) F.R.Civ.P. 11 (b)(4) states:

> By presenting to the court . . . a pleading . . . an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*, . . . the denials of factual contentions are warranted on the evidence or, if specifically so identified, *are reasonably based on a lack of information or belief.* (Emphasis added).

9) According to the *Advisory Committee Notes - 1993 Amendments Subdivision (a)*, a defendant's obligations with respect to the contents of the answer is not to be measured solely as of the time they are filed. Tolerance of factual contentions in initial pleadings by plaintiffs or defendants when specifically identified as made on information and belief does not relieve litigants from the obligation *to conduct an appropriate investigation into the facts that is reasonable under the circumstances*.

10) Defense counsel has just sat back here and refused to conduct any investigation to determine the identity of the unknown defendants. She has refused to produce any documents or any witnesses for deposition.

11) Defendants' answer should be dismissed.

**Defendants Should be Compelled to Make F.R.Civ.P. 26(a)(1) Disclosures or Be Precluded From Use of Any Witnesses or Documents at Trial**

12) Judge Coar ordered that F.R.Civ.P. 26(a)(1) disclosures be made by March 4, 2008. To date, defendants have failed to make those disclosures.

13) F.R.Civ.P. 26 (a)(1) states: ". . . a party must, without awaiting a discovery request, provide to other parties . . . the name . . . of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . . identifying the subjects of the information."  A major purpose of this rule is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives.  The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.  *Advisory Committee Notes - 1993 Amendments Subdivision (a).*

14) The disclosure obligation in F.R.Civ.P. 26(a)(1) applies to "claims and defenses."  It thereby bolsters the requirements of F.R.Civ.P. 11(b)(4), which authorizes denials "warranted on the evidence," and disclosure should include the identity of any witness or document that the disclosing party may use to support such denials.  *Advisory Committee Notes - 2000 Amendment Subdivision (a)(1).*

15) Defendants are therefore required to make Rule 26(a)(1) disclosures, both because of Judge Coar's order that they do so by March 4, 2008*,* and because the rule itself mandates that defendants justify their answer to the complaint by a list of witnesses and documents that defendants may use support their defenses.  Defendants will be bound at trial by these disclosures*.*  Should they not make these disclosures, they should be precluded from calling any witnesses or using any physical evidence at trial.

**Defendants Should be Compelled to Produce Documents on a Shortened Schedule**

16) In the past six months, plaintiffs have contacted defense counsel enumerable times to try to work cooperatively to identify the unknown defendants, to no avail. A list of the most recent attempts at contacts is as follows:

> March 15, 2008, letter (copy attached hereto as Exhibit A)
>
> March 17, 2008, telephone conversation
>
> March 19, 2008, letter (copy attached hereto as Exhibit B)
>
> March 19, 2008, telephone message, unanswered
>
> April 7, 2008, telephone conversation
>
> April 16, 2008, telephone message, unanswered
>
> April 18, 2008, telephone message, unanswered
>
> April 22, 2008, in-person communication after court
>
> May 14, 2008, telephone message, unanswered
>
> May 15, 2008, in-person communication after court
>
> May 16, 2008, telephone message, unanswered
>
> May 16, 2008, letter (copy attached hereto as Exhibit C)

17) Because the police stopped plaintiff Jonathan Hadnott on the street and placed him in their vehicle, it is highly likely they checked him for warrants and investigative alerts. Because Mr. Hadnott proffered an firearms' ownership card, it is also highly likely they searched firearm ownership records. All this information is available on the LEADS or other police database system. Moreover, attendance and assignment sheets for the Chicago Police Department would indicate who was working on the date in question.

18) Defendants have been stonewalling any disclosures. Defense counsel has said that she has forwarded plaintiffs' requests to the Office of Legal Affairs of the Chicago Police Department, but that they have not given her any documents. Defense counsel is shirking her responsibility to obtain the information needed to identify the unknown officers. It is the defendants' burden, not the plaintiffs' burden, to identify these officers. Defense counsel is not acting in good faith.

19) In court on May 15, 2008, plaintiffs served defendants with a more formal request for documents that mirrors what plaintiffs have been asking for all along, a copy of which is attached hereto as Exhibit D. Defense counsel announced on the record in court that she would be "objecting to most of the requests."

20) I contacted defense counsel on May 16, 2008, first by telephone message, to which she did not respond, and then by letter, asking counsel to agree to a deadline of May 29, 2008, by which to provide the documents requested. This schedule would allow plaintiffs time to move to amend the complaint by Judge Coar's June 5, 2008, deadline.

21) Defense counsel again ignored my telephone message and my letter. Thus plaintiffs bring this motion to compel the disclosures requested in Exhibit D by May 29, 2008.

**Defendants Should be Compelled to Produce Witnesses for Deposition**

22) Plaintiffs served a deposition notice (Exhibit E) requiring defendants to produce 7th District Watch Commander Keith Calloway and the "person most knowledgeable as to who the unknown defendants are or most likely to have information as to who they might be" for deposition on May 21, 2008.

23) Instead of responding to the notice, or to my telephone call of May 16, 2008, or to my letter of May 16, 2008, so that we could discuss this matter, defense counsel brought a motion to quash the notice of deposition, which she filed at 10:52 PM on May 16, 2008, so that it could heard on May 21, 2008. Thus, instead of discussing this issue, defense counsel has engaged in a race to the courthouse, a strategy that Local Rule 37.2 is meant to avoid.

24) The purpose of the Commander's deposition and the deposition of the most knowledgeable person is not only to find out whether they know who the unknown officers are, but also how they, as the top officers in the district, *would go about finding out* who the unknown officers are; who they might assign such tasks to; what documents and procedures have been implemented to cover this recurring type of situation; what officers from other districts might have occasion to roam through the 7th District, and why; which officers, if any, besides tactical officers are authorized to work in plain clothes and cars; and so forth.

25) Defendants have made virtually no efforts to find out who the unknown officers are, and plaintiffs should not be restricted to one approach, since the photo array ordered by the court on May 15, 2008, may or may not pay off. Eye witness identification is notoriously unreliable in criminal proceedings, and the same may be true here. Even with the court's assistance in defining the breadth of the array, given the passage of time and the poor quality of the black-and-white photographs which are only head shots of the officers, it is unlikely that an identification can and will be made.

26) It is the police, whose job it is to investigate such situations, who are totally unable to identify which of their employees were involved in this unconstitutional conduct.

The whole idea of unmarked cars and plain clothes officers is to make it more difficult to identify them as police officers, which should place even greater accountability on their supervisors for their actions.  Any burden on plaintiffs to identify the defendants is misplaced.

27)    Discovery rules are to be liberally interpreted to allow this to be a search for the truth.  Plaintiffs therefore ask the court to order defendants to produce Commander Keith Calloway and the person "most knowledgeable as to who the unknown defendants are or most likely to have information as to who they might be."

WHEREFORE, plaintiffs request that the court grant an order dismissing the complaint or, in the alternate, compelling Rule 26(a)(1) disclosures or precluding defendants from the use of witnesses and documents at trial, compelling the production of items on plaintiffs' demand at Exhibit D by May 29, 2008, and compelling the depositions of Commander Keith Calloway and the most knowledgeable person as to who the unknown defendants might be.

Dated:  May 19, 2008                         /s    Irene K. Dymkar
                                                  Irene K. Dymkar


Irene K. Dymkar
Plaintiffs' Attorney
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123