*Irene K. Dymkar*
Attorney at Law
300 West Adams, Suite 330
Chicago, IL 60606-5107
(312) 345-0123
fax (312) 853-3489
dymkarlaw@ameritech.net

March 19, 2008

**Delivered by fax and mail**

Ashley C. Kosztya
City of Chicago, Department of Law
30 N. LaSalle, Suite 1020
Chicago, IL 60606

Melanie Patrick Neeley
City of Chicago, Department of Law
30 N. LaSalle, Suite 1020
Chicago, IL 60606

Re: Hadnott v. City of Chicago, 07 C 6754

Dear Counsel:

    Given the conversation with Ashley Kosztya on today's date, plaintiffs will decline your offer to participate in a photo array of police officers. This is neither an efficient nor accurate method to identify the officers.

    Please provide me with the attendance and assignment sheets for the police officers for the 7th and 9th Districts and any other districts that might have covered West 56th Street and South Racine Avenue or 7322 S. Green on December 4, 2006, from 2:00 PM until 6:00 PM, together with information as to which officers were in plain clothes and which were in unmarked cars. If the attendance and assignment sheets do not indicate the number of partners, please provide me with that information also.

    Also, please provide me with all LEADS inquiries made regarding any of the plaintiffs, as well as regarding Brandell Betts (who will be added as a plaintiff), on December 4, 2006, from 2:00 PM until 6:00 PM. Upon first contact with my clients, the officers involved in this case should have immediately submitted an inquiry to the state warrant system (LEADS) to receive warrant data and officer protection information within 10 seconds. In order to submit an inquiry, the officer must be certified by the state and have his own password information. The LEADS Agency Coordinator should be able to quickly determine whether any LEADS inquiries were submitted regarding my clients on the date and at the time in question. An alternative strategy would be for you to check for LEADS inquires during that time period by any officers from the relevant district(s) working during the corresponding shift.

      As you know, time is of the essence. Please notify me immediately if you are willing to assist me with the requested informal discovery. Otherwise, my only option will be to begin substantial and time-consuming formal discovery of numerous individual employees of the police department on this peripheral issue.

      I look forward to hearing from you soon.

                                              Sincerely,

                                              Irene K. Dymkar