UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT, | ) ) ) |
| Plaintiffs, | ) Case No. 07 C 6754 ) |
| v. | ) Judge David H. Coar ) |
| UNKNOWN UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, | ) Magistrate Judge Schenkier ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE**

Plaintiffs, JONATHAN HADNOTT, JESSIE HADNOTT, and KEVIN HUNT, by their attorney, Irene K. Dymkar, and pursuant to Federal Rules of Civil Procedure (F.R.Civ.P.) Rules 26 and 34, hereby request that defendants produce for inspection and copying the documents and other items described herein that are in their possession, custody, or control, or in the possession, custody, or control of any of their agents or representatives. The documents and other items should be produced at the offices of Irene K. Dymkar, 300 West Adams, Suite 330, Chicago, Illinois, 60606, within the time allowed by the F.R.Civ.P., or at such other time or location as the court may order or as the parties may agree by their counsel.

**DEFINITIONS AND INSTRUCTIONS**

A.     "Plaintiff," as used herein, refers to all plaintiffs named above, and includes, both collectively and severally, plaintiffs' agents, representatives, accountants, and attorneys, as well as any person who has acted or purported to act on plaintiffs' behalf or in concert with them.

B.     "Defendant," "Chicago Police Department," as well as "you" or "your," as used herein, refers to defendants named above, and includes their agents or representatives.

C.     The term "complaint" means the complaint or amended complaint filed in this action by the plaintiff, unless referring or relating to allegations made against defendants by persons other than plaintiff.

D.     The term "incident(s)" means the facts as set forth in plaintiff's complaint.

E. As used herein, "person" shall mean, without limiting the generality of its meaning, any natural person, group of natural persons, corporation, partnership, unincorporated association, joint venture, and any other incorporated or unincorporated business, governmental, public or social entity.

F. As used herein, "all" shall mean any and all, and "any" shall likewise mean any and all, unless the context requires otherwise.

G. The terms "and" as well as "or" shall be construed either in the disjunctive or conjunctive, to effect the broadest interpretation of the request, to bring within the scope of the document request any documents which otherwise might be construed to be outside of its scope.

H. The terms "refer" and "relate" shall mean to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

I. Wherever appropriate, the singular form of a word should be interpreted in the plural and the plural form of a word should be interpreted in the singular, so as to make the request as broad as possible.

J. As used herein, the term "documents" means and refers to the originals (or, if not available, true copies) and all non-identical copies (whether different from originals by reason of notations made on such copies or otherwise) of all papers; brochures; circulars; advertisements; letters; memoranda; minutes, notes or records of meetings; reports; photographs; comments; affidavits; statements; summaries; messages; worksheets; notes; correspondence; surveys; statements; interviews; diaries; calendars; appointment books; registers; travel records; tables; calculations; books of account; budgets; bookkeeping or accounting records; telephone records; stenographic notes; financial data; receipts; financial statements; annual reports; accountants' work papers; analyses; forecasts; statistical or other projections; newspaper articles; press releases; publications; tabulations; graphs; charts; maps; telegrams; books; agreements; opinions or reports of experts; records; tapes, or transcripts of conversations, discussions, conferences, meetings, or interviews, whether in person or by telephone or by any other means; printouts from computers or other information retrieval systems; and all other forms or types of written or printed matter or tangible things on which any words, phrases, or numbers are affixed, however produced or reproduced and wherever located, which is in defendants' possession, custody, or control.

K. With respect to any document which is withheld on a claim of attorney/client, attorney/work product or other privileges, provide a statement signed by an attorney setting forth as to each such document: (a) a statement of facts constituting the basis for any claim of privilege, work product or other ground of non-disclosure; (b) a brief description of the document, including: (I) the date of the document; (ii) the name(s) of its author(s), or preparer(s), together with an identification by employment and title of each such person; (iii) the name(s) of the sender(s) of the document, together with an identification by employment

and title of each such person; (iv) the name(s) of each person(s) who was sent or has had access to, or custody of the document, together with an identification by employment and title of each such person; (v) the paragraph of this request to which the document relates; and (vi) in the case of any document relating in any way to a meeting or conversation, identification of such meeting or conversation and a list of the participants thereto.

   L. If any document requested was, but is no longer in your possession, custody or control, or in existence, state whether it: (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been otherwise disposed of. For each such instance, explain the circumstances surrounding such dispositions, give the date or approximate date thereof, and the names and last known home and business address of those persons with knowledge of such circumstances.

   M. Unless otherwise indicated, the time period covered by this request is the entire period for which plaintiffs claim that defendants engaged in any conduct which is the subject of the complaint, up to and including the date on which defendants produce the documents requested herein.

   N. Pursuant to F.R.Civ.P. 26(e), this request shall be deemed continuing so as to require further and supplemental production relating to any documents sent to, provided to, or received from any expert and to require further and supplemental production if any person responsible for responding to this request discovers additional documents after responding hereto or generates additional documents between the date hereof and the time of hearing or trial.

   O. If any information is withheld because such information is stored electronically, please identify the subject matter of the information and the place or places where the information is maintained.

   P. In producing the documents requested herein, indicate the specific request in response to which each document or group of documents is being produced.

## REQUESTS FOR DOCUMENTS AND OTHER ITEMS

   1. The "Attendance and Assignment Record" (CPD Form 11.605) for all shifts on December 4, 2006, for the 7th District of the Chicago Police Department and any other district that may have been involved in this arrest and search.

   2. Watch Commander Logs (CPD Form 21.916) for all shifts on December 4, 2006, for the 7th District of the Chicago Police Department and any other district that may have been involved in this arrest and search.

   3. Pictures of all officers in the 7th District of the Chicago Police Department and any other district that may have been involved in this arrest and search, who were working on December 4, 2006, between the hours of 3:00 p.m. and 6:00 p.m.

   4. All Field Inquiry Cards (CPD Form 31.230) or other documents generated by inquiries to the Hot Desk clerk between the hours of 3:00 p.m. and 6:00 p.m. on December 4, 2006 and referring or relating to Jonathon Hadnott, any other plaintiff, or Brandell Betts. (See CPD D.S.O. 04-17-05)

   5. All documents, records or data referring or relating to name check inquiries submitted via PDT (Portable Data Terminal) or PCAD (Police Computer Aided Dispatch) with respect to Jonathan Hadnott, any other plaintiff, or Brandell Betts, between the hours of 3:00 p.m. and 6:00 p.m. on December 4, 2006. (See CPD D.S.O. 04-17-05)

   6. All documents, records or data in the Criminal History Records Information System (CHRIS) referring or relating to Jonathon Hadnott, any other plaintiff, or Brandell Betts.

   7. All documents, records or data referring or relating to inquiries to the Illinois Law Enforcement Agencies Data System (LEADS) by any Chicago Police Department employee on December 4, 2006, with respect to Jonathon Hadnott, any other plaintiff, or Brandell Betts. This request seeks documents within the control of the Chicago Police Department and may require that a certified Chicago Police Department LEADS User or Agency Coordinator request that the Illinois State Police search their database for the information and documents sought in this request.

   8. A copy of the General Order entitled "Interrogations: Field and Custodial" and all amendments or revisions thereto.

   9. A copy of General Order 02-03 Addenda No. 2 entitled "Conducting Field and Strip Searches" and all amendments or revisions thereto.

   10. Any and all documents referring or relating to complaints, allegations or inquiries to the Chicago Police Department by Jonathon Hadnott, any other plaintiff, or Brandell Betts on or after December 4, 2006.

   11. Any and all documents relating to any investigation by the Chicago Police Department of the allegation or complaint by Jonathon Hadnott, any other plaintiff, or Brandell Betts, that they were searched and seized without cause by officers employed by the Chicago Police Department on December 4, 2006.

   12. Any and all documents identifying the three Chicago police officers that had contact with Jonathon Hadnott on December 4, 2006, at approximately 4:00 p.m. at or near 56th Street and Racine Avenue in Chicago, Illinois.

4

13. Any and all documents referring or relating to Firearm Owners Identification (FOID) card inquiries by employees of the Chicago Police Department on December 4, 2006.

Dated: May 15, 2008

*Irene K. Dymkar*

IRENE K. DYMKAR
Attorney for Plaintiff
300 West Adams, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

## CERTIFICATE OF SERVICE

I, Irene K. Dymkar, an attorney, certify that on the 15th day of May, 2008, a copy of Plaintiffs' First Set of Requests to Produce was served upon the attorney for defendants named below by personal delivery, by 5:00 PM on said date:

Ashley C. Kosztya
City of Chicago, Department of Law
30 N. LaSalle, Suite 1020
Chicago, IL 60602

Dated: May 15, 2008

*Irene K. Dymkar*