UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN HADNOTT, JESSIE HADNOTT and KEVIN HUNT, ) ) ) **Plaintiffs,** ) ) v. ) ) UNKNOWN UNNAMED OFFICERS OF THE ) CHICAGO POLICE DEPARTMENT, and ) CITY OF CHICAGO, ) ) **Defendants.** ) | 07 C 6754 Judge David H. Coar Magistrate Judge Schenkier Jury Demand |

**CITY OF CHICAGO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE SCHENKIER'S DISCOVERY RULINGS**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, hereby responds in opposition to the recently-filed "Plaintiff's Objections to Magistrate Judge's Orders, Pursuant to F.R.Civ. P. 72(a)" as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

While the City normally would not file such a lengthy section on the factual and procedural background of this case, it feels compelled to in light of the fact that Plaintiffs have presented such an incomplete record of what has transpired with regards to discovery:

As alleged in Plaintiffs' First Amended Complaint, on December 4, 2006 at 4:00 p.m., Plaintiff Jonathon Hadnott was at West 56th Street and Racine Avenue in Chicago when he was stopped by three unknown Chicago Police Officers. [*See* Plaintiff's Second Amended Complaint, ¶ 8] These three unknown officers then placed him under "custodial arrest" and drove him to his mother's house located at 7322 South Green Street, where they detained all named Plaintiffs against their will and searched the house for a gun. [*See* Plaintiff's Second Amended Complaint, ¶¶ 10-12]

After finishing their search, the unknown officers left the home. [*See* Plaintiff's Second Amended Complaint, ¶ 13]

This alleged incident led Plaintiffs' to sue the three unknown officers under 42 U.S.C. § 1983, claiming that the unknown officers illegal stop of Jonathan Hadnott, the false arrest of all Plaintiffs as well as the unconstitutional search of the home was in violation of their Fourth and Fourteenth Amendment rights. The most recent complaint contains a *Monell* claim against the City. Plaintiffs also include state supplemental claims (for false imprisonment and trespass) for which they claim the unknown officers are liable. Plaintiffs further allege that the City is liable for these supplemental state claims based on the theory of *respondeat superior*.

One week after the Court set a discovery schedule in this matter, the City sent a letter to Plaintiffs' counsel requesting that they provide identifying information for the unknown officers in this case, as there was no information in the City's possession indicating that Plaintiff Jonathan Hadnott had been detained by officers working for the Chicago Police Department on December 4, 2006. [*See previously-filed Motion for Entry of a Protective Order, Document No. 28, Exhibit A1,* City's correspondence dated February 13, 2008] Over a month passed before the City received a response to its inquiry; the information received was simply that these unknown officers were Caucasian, clean-shaven, not in uniform, between the ages of 20 - 40, and that they were in a car that was not a marked squad. [*See id.,* Exhibit A2, Plaintiffs' correspondence dated March 15, 2008]

Based on the Plaintiffs' failure to provide the City with anything but the rudimentary basics pertaining to the alleged unknown officers' descriptions as well as the car they drove, the City promptly sent a letter requesting that the Plaintiffs examine a photo array of officers fitting

this basic description who were working in the Seventh and Ninth Districts during the time period in question. [*See id.,* City's correspondence dated March 17, 2008] This request was rejected. [*See id.,* Exhibit A4, Plaintiffs' correspondence dated March 19, 2008]

At the status hearing on April 22, 2008, the Court referred discovery disputes and all discovery motions to the Magistrate Judge in this matter. Since that time the parties have appeared on numerous occasions in front of the Honorable Judge Sidney I. Schenkier in order to structure discovery in an organized fashion authorized by the Court.

Approximately one month later, on May 15th, a discovery status was held. At this status the parties were ordered to participate in a photo array in order for the Plaintiffs to attempt to identify the unknown officers. After much discussion in front of the bench, the Court ordered that the photo array include all White and Hispanic officers who were on duty, plain cloth and in uniform, who were assigned or detailed to the districts and shifts involved at the time of the incident in question by May 29, 2008. Additional parameters were detailed on the order issued by the Court, all of which the City had offered to Plaintiffs two months prior.

With regards to additional discovery requests, at this May 15th discovery status, counsel for the Plaintiffs handed undersigned counsel (1) Plaintiff's First Sets of Requests to Produce and (2) Notice of Oral Deposition for 7th District Commander Keith Calloway[1] and the "Person most knowledgeable as to who the unknown defendants are or most likely to have information as to who they might be." [*See id.,* Exhibit B, Plaintiffs' Notice of Oral Deposition] These depositions were set for a mere six days after May 15th – the day the Notice was received.

---

[1] The first time the City saw mention of the name "Commander Calloway" in this case was when it received Plaintiff's Notice of Oral Deposition on May 15, 2008.

The morning after the discovery status of May 15th, Plaintiff's counsel left a voicemail message for undersigned counsel. This message contained no information as to what dates the Plaintiffs were available to view the photo array ordered by the Court; rather, Plaintiffs' counsel demanded that her call be returned by 1:00 that same day, and that undersigned counsel tell her whether she would agree to respond to Plaintiffs' First Request to Produce within two weeks rather than the month given for responses under the Federal Rules. Plaintiff's counsel also wanted to know whether the City would be producing the aforementioned individuals for deposition on May 21st. Based on these developments, the next day, on May 16, 2008, the City filed a motion for entry of a protective order and to quash Plaintiff's Oral Notice of Deposition in front of Judge Schenkier.

On May 21st, the motion for entry of a protective order was presented. At that time, the Court, upon hearing that no action had been taken towards arranging the photo array it ordered on May 15th, again ordered that the photo array (which was offered by the City and rejected by Plaintiffs approximately two months prior) take place. The Court then continued the motion for entry of a protective order to the next day, so that it could be informed as to whether the parties had exchanged dates they were available for the photo array. Also, while the parties were before the bench, the Court granted Plaintiff's motion to amend the Complaint (the City did not object to the filing of the Amended Complaint).

On May 22nd the parties appeared again in front of Judge Schenkier. The City informed the Court that it had provided Plaintiffs with dates and times it was available to conduct the photo array, and the Court then ordered Plaintiffs to provide undersigned counsel with a date certain for the photo array by May 23rd, as the photo array was to occur sometime the next week.

Plaintiff's counsel agreed to provide a date and mentioned she had made initial contact with her clients regarding the photo array. Regarding the motion for entry of a protective order, the Court granted in part the City's motion; Commander Calloway was not to be deposed, and no depositions were to take place at this time.

The Court also accommodate the Plaintiffs at the May 22nd status by extending the date Plaintiffs could amend the Complaint to July 7th, and also ordered the City to provide requested documents on an expedited basis. The next day, on May 23rd, counsel for Plaintiffs called and told undersigned counsel that she would not be producing her clients to examine the photo array, and that as she did not agree with Judge Schenkier's rulings pertaining to the photo array, she would be bringing some type of motion. Seven days later, Plaintiffs filed their "Objections to Magistrate Judge's Orders."

**RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S RULINGS**

Assuming *arguendo* that this Court does not strike outright Plaintiffs' objections as Plaintiffs' chose not to file a motion for reconsideration in front of Judge Schenkier, the City asks that the Court uphold the discovery rulings of Judge Schenkier pertaining to this case. Judge Schenkier has spent several days listening to the arguments of both parties pertaining to discovery disputes; he has had an opportunity to evaluate the arguments and to structure discovery in a way that is fair to both sides.

Further, undersigned counsel is now in the unenviable position of having to defend her personal integrity to the Court based on certain misrepresentations made in Plaintiffs' objections. First, although Plaintiffs' counsel contends that she learned for the first time on May 28th that undersigned counsel was in possession of the Attendance and Assignment sheets, it must be

5

noted that Plaintiff's counsel has been informed for at least a month that the sheets were in the City's possession and that they would not be tendered prior to a photo array. This very issue was discussed at the discovery statuses held in front of Judge Schenkier; and it was agreed in court that the Attendance and Assignment sheets would be produced (along with the other documents requested by Plaintiff), by June 5th – after the photo array was to take place.

Regarding Plaintiffs wanting to have a photo array with only officers who were in three-man unmarked cars, the City has refused to produce a photo array with such a limited spectrum of individuals, and has told Plaintiffs' counsel this for months. Further, these arguments were made in front of Judge Schenkier, who agreed that it was too limited of a scope for a photo array. [*See generally* Judge Schenkier's order of May 15, 2008]

Regarding Plaintiffs' counsel's contention that "Defendants have made virtually no effort to identify the police officers who engaged in unconstitutional conduct ..." [Plaintiff's Objections, ¶ 7], the City denies as such. Undersigned counsel has made every attempt to get as much information as possible from Plaintiffs. It is unfortunate for Plaintiffs' case that they failed to mark down, note or remember any salient characteristics of the three unknown men who allegedly violated their civil rights on December 4, 2006, or to note any information concerning the make, model, or license plate of the car Jonathan Hadnott was transported in to his mother's house. This is a fatal lack of information (also note that there is a lack of recorded evidence of this event even taking place in any of the Chicago Police Department records). The City would further point out that the Plaintiffs do not recall the race of the unknown individuals (Plaintiffs' counsel stated in open court that they might be Hispanic or white), as well as the fact that this could have been officers from either of two police districts from two different shifts.

In addition, with regards to the 26(a) disclosures, Plaintiffs claim that the "defendants" have not made 26(a) disclosures to date, but they fail to mention that Judge Schenkier agreed during discovery status that 26(a)s will be made by the City at a later date, based on the fact that for now, there is no evidence in the City's records that this incident even took place.

## CONCLUSION

**WHEREFORE**, for each the foregoing reasons, the City of Chicago respectfully requests that a protective order be entered denying the relief requested in Plaintiffs' Objections To Magistrate Judge's Orders, Pursuant to F.R.Civ.P. 72(a), and for any further relief deemed just by this Honorable Court.

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel
City of Chicago

By:   */s/ Ashley C. Kosztya*
ASHLEY C. KOSZTYA
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-6922
Attorney No. 06274884