UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 07 C 6754 |
| v. | ) Judge David H. Coar |
| MICHAEL KELLY, MARC JAROCKI, PATRICK GILMORE, and CITY OF CHICAGO, | ) Magistrate Judge Schenkier<br>)<br>) JURY TRIAL DEMANDED |
| Defendants. | ) |

### THIRD AMENDED CIVIL RIGHTS COMPLAINT

Plaintiffs, JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS, by and through their attorney, Irene K. Dymkar, complaining against defendants, state as follows:

### NATURE OF CLAIM

1.      This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law.  Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2.      Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of false imprisonment and trespass.

.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

6. At all times herein mentioned, defendants MICHAEL KELLY, MARC JAROCKI, and PATRICK GILMORE were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On December 4, 2006, at approximately 4:00 PM, plaintiff JONATHAN HADNOTT was lawfully in a public place at or near West 56th Street and South Racine Avenue in Chicago, Illinois, engaged in lawful conduct, when defendants MICHAEL KELLY, MARC JAROCKI, and PATRICK GILMORE stopped him without reasonable suspicion or legal cause.

9. Plaintiff was searched and placed under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

10. Defendant police officers drove to a residence at 7322 S. Green, Chicago, Illinois that is owned by plaintiff JONATHAN HADNOTT and in which plaintiffs JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS reside.

11. Defendant police officers entered and searched 7322 S. Green, Chicago, Illinois, without a warrant, without permission, and without legal cause.

12. Plaintiffs were detained against their will at the home and not allowed to leave while defendant police officers searched the home. Defendants said they were looking for a gun.

13. After defendant police officers finished their illegal search and did not find a gun, they left.

14. By reason of the above-described acts and omissions of the individual defendants, plaintiffs sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to their damage.

15. The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

16. By reason of the above-described acts and omissions of defendants, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys'

fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I
### Plaintiff JONATHAN HADNOTT Against Individual Defendants for Illegal Stop

17. Plaintiff JONATHAN HADNOTT incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

18. The stop of plaintiff by the individual defendants was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

19. By reason of the conduct of the individual defendants, plaintiff JONATHAN HADNOTT was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MICHAEL KELLY, MARC JAROCKI, and PATRICK GILMORE, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT II
### All Plaintiffs Against Individual Defendants for False Arrest

20. Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

21. The arrest of plaintiffs by the individual defendants was without probable cause and unreasonable.

22. By reason of the conduct of the individual defendants, plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS were deprived of

rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants MICHAEL KELLY, MARC JAROCKI, and PATRICK GILMORE, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

### COUNT III
### All Plaintiffs Against All Defendants for the State Supplemental Claim of False Imprisonment

23. Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

24. The arrest of plaintiffs by the individual defendants was without probable cause, unreasonable, and against the will of plaintiffs.

25. Defendants MICHAEL KELLY, MARC JAROCKI, and PATRICK GILMORE, and each of them, is liable to plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS under Illinois law for the state supplemental claim of false imprisonment.

26. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

### COUNT IV
### All Plaintiffs Against Individual Defendants for Unconstitutional Search of Home

27. Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

28.　　The individual defendants entered and searched the home at 7322 S. Green, Chicago, Illinois without a warrant, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

29.　　By reason of the conduct of the individual defendants, plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants MICHAEL KELLY, MARC JAROCKI, and PATRICK GILMORE, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT V
### All Plaintiffs Against All Defendants for the State Supplemental Claim of Trespass

30.　　Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

31.　　The individual defendants entered and searched the home at 7322 S. Green, Chicago, Illinois without a warrant, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy. from the loss of certain liberty and related rights.

32.　　 Defendants MICHAEL KELLY, MARC JAROCKI, and PATRICK GILMORE, and each of them, is liable to plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS under Illinois law for the state supplemental claim of trespass.

33.  Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

## COUNT VI
**All Plaintiffs Against Defendant CITY OF CHICAGO for *Monell* Claim**

34.  Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

35.  At all times material to this amended complaint, there existed in the CITY OF CHICAGO the following municipal practices, policies and customs:

   a.  stopping, detaining, and searching persons and premises without a warrant, probable cause, reasonable suspicion, consent or any legal basis;

   b.  failing to adopt procedures to require documentation and logging of all stops, searches and seizures by police, thereby creating a system-wide perception that unlawful and unconstitutional conduct will neither be detected nor disciplined;

   c.  not preparing police reports, to cover up police misconduct including unconstitutional searches and seizures;

   d.  allowing police officers to roam at will throughout districts without adequate identification or supervisory monitoring of activities and locations, thereby causing police officers to believe that their actions and activities would not be scrutinized, that they would not be held accountable for illegal and unconstitutional activities, and that they could

    not be personally identified as perpetrators of illegal and unconstitutional practices;

  e. tolerating and encouraging a code of silence in which police officers fail to report police misconduct, as exemplified by the fact that none of the three officers involved in the conduct at issue reported any of the conduct of which plaintiff complains;

  f. failing to adequately train, supervise and discipline police officers in the categories and fields of police work addressed in sub-paragraphs a - e above;

  g. failing to adequately investigate citizen complaints against police officers; and

  h. failing to adopt adequate procedures to allow and facilitate the identification of police officers alleged to have been involved in illegal and unconstitutional activities;

36. The actions of the defendant officers, including MICHAEL KELLY, MARC JAROCKI, and PATRICK GILMORE, as alleged in this amended complaint, were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the CITY OF CHICAGO, the Chicago Police Department and its police officers.

37. The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the CITY OF CHICAGO and its municipal policy-makers.

38. The CITY OF CHICAGO and its municipal policy-makers acted with deliberate indifference to the rights of plaintiffs in maintaining, overlooking, and preserving the unconstitutional practices, policies and customs delineated above.

39. By their inaction and failure to correct the above-described practices, policies, and customs, the CITY OF CHICAGO and its municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct plaintiffs complain of herein.

40. Plaintiffs' injuries were a direct result of the above-described practices, policies, and customs.

41. By reason of the conduct of defendant CITY OF CHICAGO, plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

WHEREFORE, plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS, by and through their attorney, Irene K. Dymkar, request judgment as follows against the defendants on each and every claim:

> A. That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,
>
> B. That defendants be required to pay plaintiffs special damages,
>
> C. That defendants be required to pay plaintiffs attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,
>
> D. That defendants be required to pay plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

E. That defendants be required to pay plaintiffs costs of the suit herein incurred, and

F. That plaintiffs be granted such other and further relief as this Court may deem just and proper

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY.**


Dated: July 16, 2008                                     /s Irene K. Dymkar
                                                                    Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiffs
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123


**CERTIFICATE OF SERVICE**

I, Irene K. Dymkar, an attorney, certify that on the 16th day of July, 2008, a copy of plaintiffs' Third Amended Civil Rights Complaint was served upon the attorney for defendants named below through the Court's electronic filing system.

Ashley C. Kosztya
City of Chicago, Department of Law
30 N. LaSalle, Suite 1020
Chicago, IL 60602


Dated: July 16, 2008                                     /s Irene K. Dymkar
                                                                    Irene K. Dymkar