UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS | ) ) ) | |
| Plaintiffs, | ) ) | No. 07 C 6754 |
| v. | ) ) | |
| CITY OF CHICAGO, MICHAEL KELLY, MARC JAROCKI, and PATRICK GILMORE, | ) ) ) | JUDGE COAR |
| Defendants. | ) ) | MAGISTRATE JUDGE SHENKIER |

**OFFICER MICHAEL KELLY'S MOTION TO STAY PROCEEDINGS
PURSUANT TO THE SERVICEMEMBERS' CIVIL RELIEF ACT**

Chicago Police Officer Michael Kelly ("Officer Kelly"), by his attorney, Gail L. Reich, Assistant Corporation Counsel of the City of Chicago, respectfully requests that this Honorable Court stay the above-captioned matter, pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C. § 522 (2004) (the "Act"). In support of this motion, the undersigned states:

1. Plaintiffs filed their Third Amended Complaint on July 16, 2008, naming Officer Michael Kelly as a defendant and alleging constitutional and state law violations.

2. Plaintiffs allege, in summary, that Officer Kelly along with Officers Marc Jarocki and Patrick Gilmore violated their constitutional rights by unlawfully stopping, and arresting them, as well as illegally searching their home. Additionally, plaintiffs bring state law claims of false imprisonment and trespass. The plaintiffs also advance allegations against the City of Chicago, alleging that the City's policies and practices lead to the unconstitutional practices alleged against the individual officers pursuant to *Monell v. Dep't of Soc. Serv. Of New York*, 436 U.S. 658 (1978), and that the City is liable under *respondeat superior* and state law indemnification

claims.

3. Officer Kelly is a First Sergeant in the Illinois Army National Guard and commander of 159 troops. He was called to active duty in support of Operation Enduring Freedom on 28 May 2008, and reported for duty pursuant to his orders on 18 July, 2008. (Orders 218-066 and their amendment, Orders 219-218 attached as Ex. A.) Officer Kelly also completed a Personnel Action Request, seeking military leave without pay effective 21 July 2008, which was approved by Dr. Kimberly O'Connell. (Personnel Action Request, attached as Ex. B) (personal information of Officer Kelly, such as Social Security number and address have been redacted from both exhibits). Officer Kelly is, thus, no longer working as a Chicago Police Officer, and is now under the jurisdiction of the Army.

4. Officer Kelly's Orders further provide that he will be on duty beginning 21 August 2008 - 21 September 2009, for a period "not to exceed 400 days" (Letter dated 5 August 2008 from Commander Luke Gosnell, attached as Ex. C.; Ex. A) doing special training at Ft. Bragg prior to his deployment to Afghanistan. Due to his military duty, Officer Kelly's counsel has had only limited contact with him.

5. The undersigned did not receive all the attached documents certifying to Officer Kelly's military service until 8 August 2008.

6. Officer Kelly has been on mandatory orders, and using his furlough from the Chicago Police Department to actively prepare for his unit's deployment in Kankakee, IL. He must report to Ft. Bragg on 21 August 2008. He is therefore unable to substantially assist in his own defense. Officer Kelly respectfully moves to stay this case, pending his return from active duty currently scheduled for September 2009.

7. The Servicemembers' Civil Relief Act 50 App. U.S.C.A. § 522 provides the

following:

> § 522. Stay of proceedings when servicemember has notice
>
> (b) Stay of proceedings
>
> (1) Authority for stay
>
> At any stage before final judgment in a civil action or proceeding in which a servicemember . . . is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.
>
> (2) Conditions for stay
>
> An application for a stay under paragraph (1) shall include the following:
>
> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

8. The Act's purpose is:

> (1) to provide for, strengthen, and expedite the national defense through protection extended by this Act. . .to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and

    (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service. 50 App. U.S.C.A § 502.

  9. A member of armed services need not show that his or her military service will prejudice his or her ability to participate or defend in an action under the Act. *See Conroy v. Aniskoff*, 507 U.S. 511, 113 S. Ct. 1562, 123 L.Ed.2d 229 (1993).

  10. Congress intended all members of armed forces to receive protection of the Act, *Conroy*, 507 U.S. at 515, 113 S. Ct. at 1565.

  11. The standard of review of a court's order staying proceedings pursuant to § 522 is abuse of discretion. *See Boone v. Lightner*, 319 U.S. 561, 575 (1943). Further, the Act is "always to be liberally construed." *Id*. at 574.

  12. Section 519 of the Act provides that the legal representative for the servicemember, like the undersigned counsel here, may make the application called for under Section 522 for a stay, and may make all necessary representations on his behalf. See, 50 App. U.S.C.A § 519. Officer Kelly has had limited contact to his counsel here in the States. As of today's date, he has had one brief meeting and two phone calls a with the Corporation Counsel's office. He soon will have strictly limited access to a phone or the internet, and limited access to his family members here in the States. He will not be able to actively participate in his defense, and will be precluded from assisting in discovery, strategy, or development of his defense. Officer Kelly is a pivotal party to this case. Based on plaintiffs' allegations in their complaint, and what little information is known at this time, liability for any of the defendants may flow through his actions, and all discovery of any party or third party would relate to his defense. Consequently, Officer Kelly asks that this Court stay all proceedings in this case until he returns from active duty in

Afghanistan, which is currently set for September 2009.

13. With the representations in this motion, his Pesonnel Action Request (Ex. B), his deployment orders (Ex. A), and the correspondence from his Commander (Ex. C), Officer Kelly satisfies the conditions for requesting a stay under Section 522 of the Act.

**WHEREFORE,** Chicago Police Officer Michael Kelly respectfully moves that the matter in the above-captioned cause of action be stayed until his return from active military duty in Afghanistan.

Respectfully submitted,

/s/ Gail L. Reich
GAIL L. REICH
Assistant Corporation Counsel
30 North LaSalle Street - Room 1400
Chicago, Illinois 60602
312-744-1975