UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS | ) ) ) | |
| Plaintiffs, | ) ) | No. 07 C 6754 |
| v. | ) ) | |
| CITY OF CHICAGO, MICHAEL KELLY, MARC JAROCKI, and PATRICK GILMORE, | ) ) ) | JUDGE COAR |
| Defendants. | ) ) | MAGISTRATE JUDGE SHENKIER |

**OFFICER MICHAEL KELLY'S MOTION TO RECONSIDER
THE COURT'S ORDER OF JULY 16, 2008 GRANTING LEAVE
TO TAKE HIS DEPOSITION BY AUGUST 21, 2008**

Chicago Police Officer Michael Kelly ("Officer Kelly"), by his attorney, Gail L. Reich, Assistant Corporation Counsel of the City of Chicago, respectfully requests that this Honorable Court reconsider its order of July 16, 2008, granting leave to take his deposition by August 21, 2008. In support of this motion, the undersigned states:

1. Plaintiffs allege, in summary, that Officer Kelly, along with Officers Marc Jarocki and Patrick Gilmore violated their constitutional rights by unlawfully stopping, and arresting them, as well as illegally searching their home. Additionally, plaintiffs bring state law claims of false imprisonment and trespass. The plaintiffs also advance allegations against the City of Chicago, alleging that the City's policies and practices lead to the unconstitutional practices alleged against the individual officers pursuant to *Monell v. Dep't of Soc. Serv. Of New York*, 436 U.S. 658 (1978), and that the City is liable under *respondeat superior* and state law indemnification claims.

2. On May 21, 2008, this court ordered the City to confirm dates when plaintiffs could

view a photo array, in order to identify the officers who allegedly violated the plaintiffs' constitutional rights on 4 December 2006.  D.E. No. 33.

      3. On May 22, 2008, this court ordered that no depositions take place and that plaintiffs' counsel was to provide a date and time when plaintiffs would be available to view a photo array.  D.E. No. 35.

      4. On May 30, 2008, plaintiffs filed their objections to this court's orders of May, 15, 21 22, 2008.  D.E. No. 36.  On June 4, 2008, plaintiffs' objections were overruled and denied.  D.E. No 40.  Plaintiffs have not since arranged for, or viewed a photo array, as ordered by this court, despite their numerous statements that time was "of the essence" in the instant case.  Indeed, because there is essentially no record of this incident ever occurring, as can be determined at this time, plaintiffs are uniquely in the best position to identify the individual officers.

      5. On June 9, 2008, plaintiffs moved this court to modify discovery and order the City to disclose attendance and assignment sheets, stating that "[p]laintiffs...previously requested these documents and the Court ordered defendants to produce said documents after a photographic array, which is no longer necessary.  D. E. No. 45.  That plaintiffs determined a photo array unnecessary was a unilateral decision in violation of this court's express orders.  To date, plaintiffs have not complied with the order to view a photo array, despite the City's efforts to broker an agreement, and the court's orders to do the same.

      6. On June 11, 2008, this court granted plaintiffs' motion insofar that the City should, *inter alia*, produce the attendance and assignment sheets...and any other documents that might identify the unknown officers by June 16, 2008.  D.E. No. 48.  The City complied on June 11, 2008.

      7. On June 25, 2008, this court ordered the City to identify any officers who were with

Officer Kelly during any encounter with the plaintiffs, and any documents that show who was involved in the encounter. D.E. No. 50. The City complied on July 7, 2008.

    8. On July 11, 2008, plaintiffs filed a motion for leave to file an amended complaint and to compel direct confirmation of the individual defendants' identities. D.E. No. 52.

    9. On July 16, 2008, although the court denied plaintiffs' motion to compel, it granted the plaintiffs leave to file their third amended complaint and further granted the parties leave to take the deposition of Officer Kelly by August 21, 2008, due to his pending deployment. D.E. No. 54.

    10. The undersigned has not had sufficient time to review the relevant documentation and discuss the allegations with her clients, nor has she had an opportunity to explore avenues to find additional relevant documentation in order to draft a response to the plaintiffs' third amended complaint. Furthermore, Defendant Officers have not had an adequate opportunity to formulate their defense in this matter. With so little time available, counsel has had virtually no time to prepare her client for a deposition, much less answer the complaint. Consequently, it would be extraordinarily prejudicial and patently unfair to allow plaintiffs to depose Officer Kelly at this time and on such short notice.

    11. Subjecting Officer Kelly to a deposition is inappropriate at this juncture. Because there is almost no documentation of an encounter, if any, with plaintiff Jonathan Hadnott, and no documentation whatsoever of an encounter, if any, with plaintiffs Jessie Hadnott, Kevin Hunt or Brandell Betts, a deposition would yield little information, at best. In sum, it would be a potentially fruitless, and most certainly unfair and prejudicial to depose Officer Kelly without allowing him a reasonable opportunity to investigate the allegations.

    12. Furthermore, Officer Kelly is a First Sergeant in the Illinois Army National Guard and

commander of 159 troops. He was called to active duty in support of Operation Enduring Freedom on 28 May 2008, and reported for duty pursuant to his orders on 18 July, 2008. (Orders 218-066 and their amendment, Orders 219-218 attached as Ex. A.) (personal information of Officer Kelly, such as Social Security number and address have been redacted from the exhibit). Officer Kelly is no longer working as a police officer and is under the jurisdiction of the Army, having reported for duty in Kankakee, IL.

13. Officer Kelly's Orders provide that he will be on a period of active duty beginning 21 August 2008 - 21 September 2009 "not to exceed 400 days" (Letter dated 5 August 2008 from Commander Luke Gosnell, attached as Ex. C. and Ex. A) and he will be doing special training at Ft. Bragg prior to his deployment to Afghanistan. Due to his military duty, Officer Kelly's counsel has had limited contact with him, and he has very limited availability. He is unable to substantially assist in his own defense due to his military obligations.

14. The undersigned counsel has filed a motion before Judge Coar requesting a stay in the instant case, pending Officer Kelly's return from Afghanistan in September 2009. D.E. No. 63.

15. By virtue of the fact that the federal rules only require a "short and plain statement of the claim," under Fed. R. Civ. P. 8, Officer Kelly is placed in a position of severe disadvantage, as he is without the benefit of a complete understanding of plaintiffs' claims. If permitted to depose Officer Kelly prior to his answering plaintiffs' complaint or taking the depositions of the plaintiffs, he would be severely prejudiced, as he is unaware of the plaintiffs *specific* allegations made against him.

16. Rather, plaintiffs should be required to look at photo arrays and identify the officers against whom they allege wrongdoing. Otherwise, the opportunity to test the veracity of the plaintiffs is lost. Allowing plaintiffs to depose Officer Kelly first, would permit plaintiffs to sit

in on Officer Kelly's deposition and identify him as the alleged wrongdoer by virtue of his presence, rather than by their independent recollection. Plaintiffs should further be ordered to give depositions prior to the Defendant Officers.

17. A party's defense can only be formulated after proceeding through the discovery process. Forcing Officer Kelly to defend himself without forcing the plaintiffs to properly identify them, and without the benefit of knowing, at a minimum, the specifics of plaintiffs' allegations, places him at a gross disadvantage. Furthermore, if additional information were to be discovered after Officer Kelly's deployment, he would not even have the benefit of supplementing his deposition by way of affidavit, due to his military duty.

WHEREFORE, Chicago Police Officer Michael Kelly, respectfully moves this court reconsider its order compelling him to sit for deposition by August 21, 2008, and enforce its order requiring the plaintiffs to view a photo array, and to modify its ruling to order the plaintiffs to sit for their depositions prior to the deposition of Michael Kelly; or in the alternative, to suspend ruling on this motion until such time as Judge Coar has ruled on Officer Kelly's motion to stay.

Respectfully submitted,

/s/ Gail L. Reich
GAIL L. REICH
Assistant Corporation Counsel
30 North LaSalle Street - Room 1400
Chicago, Illinois 60602
312-744-1975