UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS, ) ) ) | |
| Plaintiffs, ) ) | Case No. 07 C 6754 |
| v. ) ) | Judge David H. Coar |
| MICHAEL KELLY, MARC JAROCKI, PATRICK GILMORE, and CITY OF CHICAGO, ) ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT KELLY'S MOTION FOR STAY OF ACTION**

Plaintiffs, JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS, by and through their attorney, Irene K. Dymkar, in opposition to the motion of defendant MICHAEL KELLY for a stay of this action, state as follows:

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983.

2. After months of trying to learn the identity of the defendants in this case, MICHAEL KELLY was identified by defendant CITY OF CHICAGO as one of the unknown defendants. On June 12, 2008, plaintiffs requested leave to file an amended complaint naming MICHAEL KELLY, but the Court asked plaintiffs to delay filing the amended complaint until defendants had the opportunity to disclose the names of the other two officers.

3. By letter dated July 7, 2008, defendants disclosed MARC JAROCKI and PATRICK GILMORE as the officers who were working with defendant KELLY on the date

in question. On July 16, 2008, the Court granted plaintiffs leave to file an amended complaint naming all three defendant police officers.

4.     Defendants KELLY, JAROCKI, and GILMORE were served with a summons and complaint on July 24, 2008, and their answers are due on August 13, 2008. Attorney Gail Reich appeared for defendants KELLY, JAROCKI, and GILMORE on August 11, 2008. The answer for the CITY OF CHICAGO was due on July 26, 2008, and that defendant is in default.

5.     Magistrate Judge Sidney I. Schenkier ruled on July 16, 2008, that defendant KELLY must present himself for a deposition before August 21, 2008, the date he enters active military duty. After KELLY refused to schedule the deposition, plaintiffs brought a motion to compel and defendants brought a motion for reconsideration. On August 12, 2008, Judge Schenkier re-affirmed his order that Defendant KELLY must present himself for a deposition before August 21, 2008.

6.     Defendant KELLY wishes to stay his action pursuant to the Servicemembers Civil Relief Act (SCRA), 50 App U.S.C. § 501, *et seq*. The SCRA provides that upon the proper showing, *a servicemember* may be granted a stay of an action for the period of military service and 90 days thereafter, or for any part of that period (emphasis added). 50 App U.S.C. § 525(a). By the paperwork provided, defendant KELLY does not become a servicemember until August 21, 2008. Therefore, he does not have standing to ask for a stay under the SCRA.

7.     The SCRA has very specific conditions which must be met before a Court may stay the proceedings. A defendant's application must include:

2

> a.   A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the sevicemember's ability to appear and stating a date when the servicemember will be available to appear, and
>
> b.   A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 App U.S.C. § 522(b)(2).

8.   The documentation provided by defendant KELLY not only does not indicate that he has standing currently as a servicemember to bring a motion for a stay, but it also does not indicate that his "current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter."

9.   Judge Schenkier's ruling that defendant KELLY's deposition be taken before he enters active duty makes sense, in that the testimony can thereby be preserved. While this action cannot proceed to trial without defendant KELLY, if he gives his deposition as ordered, the rest of discovery, including the discovery on the *Monell* claim, can continue to completion.

10.   No defendants other than KELLY have moved the Court for a stay of this action. The SCRA states the following regarding co-defendants:

> (b)   If the servicemember is a codefendant with others who are not in the military service and who are not entitled to the relief and protections provided under this Act [sections 501 to 596 of this Appendix], the plaintiff may proceed against those other defendants with the approval of the court.

50 App U.S.C. § 525(b).

11. The provision regarding co-defendants does not come into play until and unless there is a servicemember who qualifies for a stay under 50 App U.S.C. § 525(a). Even at that point, the plaintiff may proceed against the other defendants, upon the approval of the Court. Because the other defendants have not joined in this motion and because there is no reason to stay the whole action, should the Court decide to stay defendant KELLY's participation in the action, plaintiffs ask that discovery in the case involving the co-defendants, including the *Monell* claim against defendant CITY OF CHICAGO, continue without interruption.

WHEREFORE, plaintiffs, JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS, respectfully ask the Court to deny defendant KELLY's motion for a stay of this action.

Dated: August 13, 2008                                        /s  Irene K. Dymkar
                                                                           Irene K. Dymkar
Irene K. Dymkar
300 W. Adams Street, Suite 330
Chicago, IL 60606
(312) 345-0123

## CERTIFICATE OF SERVICE

I, Irene K. Dymkar, an attorney, certify that on the 13th day of August, 2008, a copy of February, 2007, a copy **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT KELLY'S MOTION FOR STAY OF ACTION** was served upon the attorneys of record in this case below electronically, through the Court's electronic filing system.

| | |
|---|---|
| Gail Reich | Ashley C. Kosztya |
| City of Chicago, Department of Law | City of Chicago, Department of Law |
| 30 N. LaSalle, Suite 1400 | 30 N. LaSalle, Suite 1020 |
| Chicago, IL 60602 | Chicago, IL 60602 |

Dated: August 13, 2008                                        /s   Irene K. Dymkar
                                                                           Irene K. Dymkar