UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL KELLY, MARC JAROCKI, PATRICK GILMORE, and CITY OF CHICAGO,<br><br>Defendants. | 07 C 6754<br><br>Judge David H. Coar<br><br>Magistrate Judge Schenkier |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFFS' THIRD AMENDED CIVIL RIGHTS COMPLAINT**

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, answers the Third Amended Complaint as follows:

**NATURE OF CLAIM**

1. This action arises under the United States Constitution and the laws of the United States, specifically, the Civil Rights Act of 1871 (42 U.S.C. § 1983) to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** The City admits that Plaintiffs have brought this action under 42 U.S.C. § 1983 and 28 U.S.C. §2201 to redress alleged deprivations under color of law of Plaintiffs' rights. The City denies the allegations contained in Paragraph 1 to the extent that they pertain to the City of Chicago. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2. Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert

the Illinois state claims of false imprisonment and trespass.

**ANSWER:** The City admits that Plaintiffs purport to rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of false imprisonment and trespass.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

**ANSWER:** The City admits the allegations contained in Paragraph 3.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

## PARTIES

5. At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. At all times herein mentioned, defendants MICHAEL KELLY, MARC JAROCKI and PATRICK GILMORE were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity.

**ANSWER:** The City admits the allegations contained in Paragraph 6.

7.      Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:**    The City admits it is a municipal organization organized under the laws of the State of Illinois.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

### STATEMENT OF FACTS

8.      On December 4, 2006, at approximately 4:00 PM, plaintiff JONATHAN HADNOTT was lawfully in a public place at or near West 56th Street and South Racine Avenue in Chicago, Illinois, engaged in lawful conduct, when defendants MICHAEL KELLY, MARC JAROCKI and PATRICK GILMORE stopped him without reasonable suspicion or legal cause.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.      Plaintiff was searched and placed under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10.     Defendant police officers drove to a residence at 7322 S. Green, Chicago, Illinois that is owned by plaintiff JONATHAN HADNOTT and in which plaintiffs JESSIE HADNOTT KEVIN HUNT, and BRANDELL BETTS reside.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.      Defendant police officers entered and searched 7322 S. Green, Chicago, Illinois, without a warrant, without permission, and without legal cause.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.      Plaintiffs were detained against their will at the home and not allowed to leave while defendant police officers searched the home. Defendants said they were looking for a gun.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.      After defendant police officers finished their illegal search and did not find a gun, they left.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.      By reason of the above-described acts and omissions of the individual defendants, plaintiffs sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to their damage.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.      The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 15.

16.     By reason of the above-described acts and omissions of defendants, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights.  By reason thereof, plaintiffs requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

## COUNT I
### Plaintiff JONATHAN HADNOTT Against Individual Defendants for Illegal Stop

The City is not a party-defendant in Count II and therefore does not answer the allegations in this count.

## COUNT II
### All Plaintiffs Against Individual Defendants for False Arrest

The City is not a party-defendant in Count II and therefore does not answer the allegations in this count.

## COUNT III
### All Plaintiffs Against All Defendants for the State Supplemental Claim of False Imprisonment

23.     Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT and BRANDELL BETTS incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

**ANSWER:**    The City's answers to Paragraphs 1 through 16 of this Complaint are incorporated herein by reference as though fully set forth.

24. The arrest of plaintiffs by the individual defendants was without probable cause, unreasonable, and against the will of plaintiffs.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Defendants MICHAEL KELLY, MARC JAROCKI and PATRICK GILMORE, and each of them, is liable to plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT and BRANDELL BETTS under Illinois law for the state supplemental claim of false imprisonment.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

**ANSWER:** Plaintiffs' allegation that the City is liable pursuant to the doctrine of *respondeat superior* is a vague, incomplete and/or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law, and, therefore, this allegation is denied.

## COUNT IV
**All Plaintiffs Against Individual Defendants for Unconstitutional Search of Home**

The City is not a party-defendant in Count IV and therefore does not answer the allegations in this count.

## COUNT V
**All Plaintiffs Against All Defendants for the State Supplemental Claim of Trespass**

30.	Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT and BRANDELL BETTS incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

**ANSWER:**	The City's answers to Paragraphs 1 through 16 of this Complaint are incorporated herein by reference as though fully set forth.

31.	The individual defendants entered and searched the home at 7322 S. Green, Chicago, Illinois without a warrant, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy, from the loss of certain liberty and related rights.

**ANSWER:**	The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32.	Defendants MICHAEL KELLY, MARC JAROCKI and PATRICK GILMORE, and each of them, is liable to plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT and BRANDELL BETTS under Illinois law for the state supplemental claim of trespass.

**ANSWER:**	The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33.	Defendant CITY OF CHICAGO is liable pursuant to the doctrine of respondeat superior.

**ANSWER:**	Plaintiffs' allegation that the City is liable pursuant to the doctrine of *respondeat superior* is a vague, incomplete and/or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law, and, therefore, this allegation is denied.

## COUNT VI
### All Plaintiffs Against Defendant CITY OF CHICAGO for *Monell* Claim

34. Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

**ANSWER:** The City's answers to Paragraphs 1 through 16 of this Complaint are incorporated herein by reference as though fully set forth.

35. At all times material to this amended complaint, there existed in the CITY OF CHICAGO the following municipal practices, policies and customs:

   a. stopping, detaining, and searching persons and premises without a warrant, probable cause, reasonable suspicion, consent or any legal basis;
   b. failing to adopt procedures to require documentation and logging of all stops, searches and seizures by police, thereby creating a system-wide perception that unlawful and unconstitutional conduct will neither be detected nor disciplined;
   c. not preparing police reports, to cover up police misconduct including unconstitutional searches and seizures;
   d. allowing police officers to roam at will throughout districts without adequate identification or supervisory monitoring of activities and locations, thereby causing police officers to believe that their actions and activities would not be scrutinized, that they would not be held accountable for illegal and unconstitutional activities, and that they could not be personally identified as perpetrators of illegal and unconstitutional practices;
   e. tolerating and encouraging a code of silence in which police officers fail to report police misconduct, as exemplified by the fact that none of the three officers involved in the conduct at issue reported any of the conduct of which plaintiff complains;
   f. failing to adequately train, supervise and discipline police officers in the categories and fields of police work addressed in sub-paragraphs a - e above;
   g. failing to adequately investigate citizen complaints against police officers; and
   h. failing to adopt adequate procedures to allow and facilitate the identification of police officers alleged to have been involved in illegal and unconstitutional activities;

**ANSWER:** The City denies that the City of Chicago has the policies, practices and customs alleged in sub-parts a. through h. of Paragraph 35.

36. The actions of the defendant officers, including MICHAEL KELLY, MARC JAROCKI, and PATRICK GILMORE, as alleged in this amended complaint, were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the CITY OF CHICAGO, the Chicago Police Department and its police officers.

**ANSWER:** The City denies that the City of Chicago has the policies, practices and customs alleged in sub-parts a. through h. of Paragraph 35, and denies that the Chicago Police Department and its police officers have the policies, practices and customs alleged in sub-parts a. through h. in Paragraph 35. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36.

37. The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the CITY OF CHICAGO and its municipal policy-makers.

**ANSWER:** The City of Chicago denies the allegations contained in Paragraph 37.

38. The CITY OF CHICAGO and its municipal policy-makers acted with deliberate indifference to the rights of plaintiffs in maintaining, overlooking, and preserving the unconstitutional practices, policies and customs delineated above.

**ANSWER:** The City denied the allegations contained in Paragraph 38.

39. By their inaction and failure to correct the above-described practices, policies, and customs, the CITY OF CHICAGO and its municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct plaintiffs complain of herein.

**ANSWER:**   The City denies the allegations contained in Paragraph 39.

40.   Plaintiffs' injuries were a direct result of the above-described practices, policies, and customs.

**ANSWER:**   The City denies the allegations contained in Paragraph 40.

41.   By reason of the conduct of defendant CITY OF CHICAGO, plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**ANSWER:**   The City denies the allegations contained in Paragraph 41.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on Plaintiffs' Third Amended Civil Rights Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

1.   Defendant City is not liable to Plaintiffs for their state law claims if its employees or agents are not liable to Plaintiffs.  745 ILCS 10/2-109.

2.   To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202.

3. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

6. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

7. Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment. *Wright v. City of Danville*, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

8. A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees. *See Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997).

## JURY DEMAND

The Defendant, City of Chicago, requests trial by jury.

**DATED: AUGUST 15, 2008**

          Respectfully submitted,

          MARA S. GEORGES
          Corporation Counsel of the
          City of Chicago

By:    */s/Ashley C. Kosztya*
          ASHLEY C. KOSZTYA
          Assistant Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, IL 60602
(312) 744-6922