UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MICHAEL KELLY, MARC JAROCKI, PATRICK GILMORE, and CITY OF CHICAGO, )<br>)<br>Defendants. ) | 07 C 6754<br><br>Judge David H. Coar<br><br>Magistrate Judge Schenkier |

### DEFENDANTS' JOINT MOTION TO PLACE CERTAIN INFORMATION UNDER SEAL AND FOR ENTRY OF PROTECTIVE ORDER

Defendants, Chicago Police Officers Michael Kelly ("Officer Kelly"), Marc Jarocki ("Officer Jarocki") and Patrick Gilmore ("Officer Gilmore") (collectively "Defendant Officers"), by their attorney, Gail L. Reich, Assistant Corporation Counsel of the City of Chicago, and Defendant, City of Chicago, by its attorney, Mara S. Georges, (collectively, "Defendants") respectfully requests that this Honorable Court enter an order placing certain information under seal and for entry of a protective order. In support of this motion, the Defendants state:

1. On August 12, 2008, this Court entered an order affirming the order that Officer Kelly sit for his deposition by August 21, 2008. See D.E. No. 65. Additionally, after a lengthy discussion, the court entered the following order:

> "By 5:00 pm on August 13, 2008, plaintiffs counsel [was] to inform defense counsel, if the deposition of Officer Kelly proceeds, if plaintiffs are to attend the deposition. If plaintiffs are not to attend the deposition, then defense counsel does not have to provide a photographic array of the officers. If plaintiffs are to attend the deposition of Officer Kelly, defense counsel must provide plaintiffs

>counsel with a photographic array....The photographs are to be made available for the plaintiffs' review at the deposition site.  The plaintiffs are directed to review the photographic array before the start of the deposition of Officer Kelly, and indicate if they recognize any of the officers as one of those they encountered." Id.

2.  Thereafter, Attorney Reich spoke with Attorney Dymkar, who informed her that not all plaintiffs would be attending the deposition.

3. In response, defense counsel faxed a letter to Attorney Dymkar articulating their position that the spirit of the order and the fact that it was written in the plural clearly indicated that the failure of fewer than all plaintiffs to view the photographic array and attend the deposition of Officer Kelly would produce the same prejudicial result as if no photographic array had been conducted at all.  See letter dated 8/14/08 Kosztya and Reich to Dymkar, attached as Exhibit A.

4. Plaintiffs' counsel left a voice mail for defense counsel, indicating that she had set a conference with the court for the following morning, August 19, 2008, at 11:00am prior to the scheduled deposition of Officer Kelly, set for 11:30am.

5. On August 19, 2008, defense counsel appeared at the agreed-upon location at 11:00am, pursuant to the message left by Attorney Dymkar.  Because Judge Schenkier was not available, the matter was heard before Magistrate Judge Brown, on an emergency basis.  Judge Brown ruled that the failure of all plaintiffs to view the photographic array and attend the deposition would be highly suggestive and the risk too great in that the single plaintiff who was present could then give the other plaintiffs a detailed description of Officer Kelly's appearance.  As such, plaintiffs' oral motion was denied, and Judge Brown ordered that the deposition go forward and that no plaintiffs be allowed to attend.

6. During the deposition of Officer Kelly, Attorney Dymkar asked detailed questions on the record about the physical characteristics of Officer Kelly, Officer Jarocki, and Officer Gilmore. Defense counsel did not object to these questions, and allowed Officer Kelly to give testimony regarding the physical descriptions of himself, Officer Jarocki, and Officer Kelly.

7. Defense counsel then requested that Attorney Dymkar agree to keep the information regarding the physical descriptions of Defendant Officers confidential from her clients. Attorney Dymkar responded that she would "follow all court orders." Defense counsel also requested that that portion of the record be kept under seal until the disagreement between the parties could be resolved. Attorney Dymkar again refused.

8. At the end of the deposition, Defense counsel again attempted to resolve the issue by requesting that the details of the descriptions of the Defendant Officers and the vehicles they were driving on the date of the alleged incident be kept under seal. See excerpt from deposition of Officer Kelly, dated 8/19/08, attached as Exhibit B. Attorney Dymkar refused, stating she "would follow all court orders." Id.

9. In an effort to resolve the matter, Attorney Kosztya suggested that the parties bring the matter before Judge Brown. Attorney Dymkar refused to participate. Id.

10. Attorney Reich then stated on the record that despite a good faith effort to resolve the matter had failed at that she would contact Judge Brown immediately. Id. Attorney Dymkar refused to participate. Id. Attorney Reich then began to contact the court, and Attorney Dymkar left the deposition site. Attorney Reich explained the dilemma to Judge Brown's law clerk, Jennifer Hargrove, who informed Attorney Reich that Judge Brown would not speak to defense counsel without plaintiffs' counsel present, as it would be an *ex parte* communication. With that, defense counsel's hands were effectively tied.

11. Defense counsel has made a diligent, good faith effort to resolve the disagreement between the parties, and it is with great concern for the integrity of the evidence that defense counsel brings the instant motion. Attorney Dymkar's refusal to agree to keep the requested information under seal, or even keep the information confidential prior to having the issue decided by the court is highly prejudicial to Defendant Officers and compromises their defense. This refusal allows the court's order of August 12, 2008 to be circumvented, not by plaintiffs, but by plaintiffs' counsel herself.

12. As a result, defense counsel believes that the only way to maintain the integrity of the evidence, and to allow for fairness to the Defendant Officers, that the detailed information of the physical characteristics of Defendant Officers, as well as the cars, be put under seal. Additionally, the court should ask Attorney Dymkar on the record whether she has already communicated this information to her clients.

WHEREFORE, Chicago Police Officers Michael Kelly, Marc Jarocki and Patrick Gilmore, respectfully moves this court to place all information regarding Defendant Officers physical characteristics and the cars be placed under seal and enter a protective order preventing Attorney Dymkar from disclosing said information, and for any other relief that this court deems proper.

Dated: August 20, 2008

Respectfully submitted,

Mara S. Georges
Corporation Counsel for the City of Chicago
By: /s/ Ashley Kosztya
ASHLEY KOSZTYA
Assistant Corporation Counsel
30 North LaSalle Street - Room 1020
Chicago, Illinois 60602

/s/ Gail L. Reich
GAIL L. REICH
Assistant Corporation Counsel
30 North LaSalle Street - Room 1400
Chicago, Illinois 60602