UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 07 C 6754 |
| v. | )<br>) Judge David H. Coar |
| MICHAEL KELLY, MARC JAROCKI, PATRICK GILMORE, and CITY OF CHICAGO, | )<br>) Magistrate Judge Schenkier<br>)<br>)<br>) |
| Defendants. | ) |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SEAL AND PROTECTIVE ORDER

Plaintiffs, JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS, by and through their attorney, Irene K. Dymkar, in opposition to the motion of defendants for a seal of information and entry of a protective order, state as follows:

1.  This is a civil rights action brought pursuant to 42 U.S.C. § 1983.

### All Proceedings Regarding Defendant Kelly Are Stayed

2.  At the request of defendants, Judge David H. Coar issued an order on August 14, 2008, staying all proceedings regarding defendant MICHAEL KELLY as of August 21, 2008. Defendant KELLY, therefore, cannot ask for an order placing his deposition testimony under seal or for a protective order regarding his testimony, without requesting that the stay be lifted, which he has not done.

**Defendants Have Not Stated Adequate Grounds for a Protective Order**

3.     Magistrate Judge Sidney I. Schenkier entered an order on August 12, 2008, over the objection of plaintiffs, that if plaintiffs wanted to attend the deposition of MICHAEL KELLY, which he could require take place where his military training base is, that is, Kankakee, Illinois, they would have to view a photographic array prior to attending the deposition.

4.     In compliance with the order, I informed defense counsel on August 13, 2008, that plaintiffs intended on attending the deposition. I did not state how many would be able to attend, because I did not know at the time who would be able to travel to Kankakee. A copy of my letter is attached hereto as Exhibit A.

5..     On August 18, 2008, the day before the scheduled deposition, I called defense attorney Ashley C. Kosztya, who represents defendant CITY OF CHICAGO, *four times and left four messages*, trying to discuss the logistics of the photo array in advance, so that we could avoid problems the next day. Ms. Kosztya did not return my telephone calls, however, stating the next day at the deposition that her reason for not returning my calls was "there was nothing to discuss."

6.     At 3:00 PM on August 18, 2008, the day before the deposition, despite representations from defense attorney Gail Reich that she was locating a room to use for the deposition, I learned for the first time that she was expecting *plaintiffs* to find and reserve a room. I had to drop everything in order to make the proper arrangements, which could have been made days before, without scrambling, had defense counsel only communicated with me.

7. At 5:55 PM on August 18, 2008, while still at my office, I received a faxed letter from Ashley C. Kosztya. There must have been a delay in the fax transmission, because Ms. Kosztya indicates that this letter was faxed at approximately 4:00 PM. This letter unilaterally declared that if all of the plaintiffs did not appear for the deposition of MICHAEL KELLY the next day, none of them would be able to stay for the deposition. A copy of Ms. Kosztya's letter is attached hereto as Exhibit B.

8. I called Ms. Kosztya immediately upon receiving her letter, stating that it was unacceptable for her to block any of my clients from attending the deposition. Each of my clients had the right to attend the deposition and assist me with the questioning. I suggested we try to contact Magistrate Judge Schenkier at 11:00 AM the next day in Kankakee before the deposition scheduled for 11:30 AM, for a clarification of his order.

9. My client, JONATHAN HADNOTT, drove from Chicago to Kankakee, expecting to participate in the deposition of MICHAEL KELLY and assist me with my questioning. He knew he had to comply with the court order to view a photographic array prior to attending the deposition.

10. After placing 10 - 15 telephone calls upon arrival in Kankakee on August 19, 2008, I determined that both Magistrate Judge Schenkier and Judge Coar were unavailable for a conference call. I was informed that I should call Duty Magistrate Judge Geraldine Soat Brown for a conference call. Magistrate Judge Brown was very reluctant to make a ruling in a case about which she had no information. She ultimately decided that Mr. HADNOTT would have to leave Kankakee without attending and participating in MICHAEL KELLY's deposition.

11.     Defense counsel then insisted that Mr. HADNOTT be detained in a separate room for the entire duration of the deposition of defendant KELLY, so that he could not see Mr. KELLY.  I refused to allow my client to be confined for three or more hours and I instructed him to leave the building.

12.     Defendants never requested, prior to defendant KELLY's deposition testimony, that his testimony regarding defendants' physical descriptions and descriptions of their vehicles be sealed.  Defense counsel also never objected to this line of questioning during the deposition.  KELLY's general descriptions of himself and his co-defendants, which only included race, approximate height, weight, and age, were fairly consistent with the composite descriptions of the three officers I had submitted to defense counsel in a letter dated March 15, 2008.  After the deposition, I would not consent to a sealing of any information.

13.     Defendants request that I disclose the substance of confidential conversations I have had with my clients, which I refuse to do because of the attorney-client privilege.

14.     At the deposition, I reserved plaintiffs' right to continue the deposition of MICHAEL KELLY when the stay is lifted, so that my clients may fully participate in the deposition process and assist me with the questioning.

15.     Defendants have not given any reason why the very general descriptions MICHAEL KELLY gave at his deposition, of himself and his co-defendants, and of their vehicles, should be the subject of a protective order

WHEREFORE, plaintiffs, JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS, respectfully ask the Court to deny defendants' motion to place information under seal and for entry of protective order.

Dated: August 25, 2008                               /s  Irene K. Dymkar
                                                                      Irene K. Dymkar

Irene K. Dymkar
300 W. Adams Street, Suite 330
Chicago, IL 60606
(312) 345-0123


## CERTIFICATE OF SERVICE

I, Irene K. Dymkar, an attorney, certify that on the 25th day of August, 2008, **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SEAL AND PROTECTIVE ORDER** was served upon the attorneys of record in this case below electronically, through the Court's electronic filing system.

Gail Reich                                                    Ashley C. Kosztya
City of Chicago, Department of Law       City of Chicago, Department of Law
30 N. LaSalle, Suite 1400                          30 N. LaSalle, Suite 1020
Chicago, IL 60602                                       Chicago, IL 60602


Dated: August 25, 2008                               /s  Irene K. Dymkar
                                                                      Irene K. Dymkar