IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS** | )<br>)<br>)<br>) | **07 C 6754** |
| **Plaintiffs,** | )<br>) | |
| | ) | **Judge David H. Coar** |
| v. | )<br>) | |
| | ) | **Magistrate Judge Schenkier** |
| **MICHAEL KELLY, MARC JAROCKI, PATRICK GILMORE, and CITY OF CHICAGO,** | )<br>)<br>) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

To:   Irene K. Dymkar
      Attorney for Plaintiffs
      300 W. Adams, Suite 330
      Chicago, IL 60602

**PLEASE TAKE NOTICE** that on **August 26, 2008**, I have caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANTS MICHAEL KELLY, MARC JAROCKI AND PATRICK GILMORE'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFFS' THIRD AMENDED CIVIL RIGHTS COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have caused a true and correct copy of the above and foregoing **DEFENDANTS MICHAEL KELLY, MARC JAROCKI AND PATRICK GILMORE'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFFS' THIRD AMENDED CIVIL RIGHTS COMPLAINT**, to be sent via e-filing to the persons named in the foregoing Notice, "Filing Users" pursuant to Case Management/Electronic Case Files, on **August 26, 2008**, in accordance with the rules on electronic filing of documents.

                                    Respectfully submitted,
                                    /s/ Gail Reich
                                    GAIL REICH
                                    Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-1975
(312) 744-6566 (Fax)
Atty. No. 06279564

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS** ) ) ) | ) |
| **Plaintiffs,** ) | 07 C 6754 |
| ) | |
| v. ) | Judge David H. Coar |
| ) | |
| ) | Magistrate Judge Schenkier |
| **MICHAEL KELLY, MARC JAROCKI, PATRICK GILMORE, and CITY OF CHICAGO,** ) ) ) ) | |
| **Defendants.** ) | |

### DEFENDANTS MICHAEL KELLY, MARC JAROCKI AND PATRICK GILMORE'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFFS' THIRD AMENDED CIVIL RIGHTS COMPLAINT

Defendants, Chicago police officers, Michael Kelly, Marc Jarocki and Patrick Gilmore, ("Defendant Officers"), by their attorney, Gail L. Reich, Assistant Corporation Counsel for the City of Chicago, answer Plaintiffs' Third Amended Complaint as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically, the Civil Rights Act of 1871 (42 U.S.C. § 1983) to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendant Officers admit that Plaintiffs have brought this action under 42 U.S.C. § 1983 and 28 U.S.C. §2201 to redress alleged deprivations under color of law of Plaintiffs' rights. Defendant Officers deny the allegations contained in this paragraph and deny that they engaged in the complained of conduct.

2.   Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of false imprisonment and trespass.

**ANSWER:**   Defendant Officers admit that Plaintiffs purport to rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of false imprisonment and trespass.

**JURISDICTION AND VENUE**

3.   Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

**ANSWER:**   Defendant Officers admit the allegations contained in Paragraph 3.

4.   Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**ANSWER:**   Defendant Officers deny the allegations contained in Paragraph 4.

**PARTIES**

5.   At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

**ANSWER:**   Defendant Officers lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 and therefore those allegations are deemed denied.

6.   At all times herein mentioned, defendants MICHAEL KELLY, MARC JAROCKI and PATRICK GILMORE were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois.  They are being sued in their individual capacity.

**ANSWER:**   Defendant Officers admit that at all relevant times they were police officers working for the Chicago Police Department and were acting under color of state law and as employees or agents of the City of Chicago, Illinois.  Defendant Officers further admit that

they are being sued in their individual capacity.  Defendant Officers deny that they engaged in the complained of conduct.

7.  Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:**  Defendant Officers lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 and therefore those allegations are deemed denied.

## STATEMENT OF FACTS

8.  On December 4, 2006, at approximately 4:00 PM, plaintiff JONATHAN HADNOTT was lawfully in a public place at or near West 56th Street and South Racine Avenue in Chicago, Illinois, engaged in lawful conduct, when defendants MICHAEL KELLY, MARC JAROCKI and PATRICK GILMORE stopped him without reasonable suspicion or legal cause.

**ANSWER:**  Defendant Officers lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 and therefore those allegations are deemed denied.

9.  Plaintiff was searched and placed under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

**ANSWER:**  Defendant Officers deny the allegations contained in Paragraph 9.

10.  Defendant police officers drove to a residence at 7322 S. Green, Chicago, Illinois that is owned by plaintiff JONATHAN HADNOTT and in which plaintiffs JESSIE HADNOTT KEVIN HUNT, and BRANDELL BETTS reside.

**ANSWER:**  Defendant Officers deny the allegations contained in Paragraph 10.

11.  Defendant police officers entered and searched 7322 S. Green, Chicago, Illinois, without a warrant, without permission, and without legal cause.

**ANSWER:**  Defendant Officers deny the allegations contained in Paragraph 11.

12. Plaintiffs were detained against their will at the home and not allowed to leave while defendant police officers searched the home. Defendants said they were looking for a gun.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 12.

13. After defendant police officers finished their illegal search and did not find a gun, they left.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 13.

14. By reason of the above-described acts and omissions of the individual defendants, plaintiffs sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to their damage.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 14.

15. The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 15.

16. By reason of the above-described acts and omissions of defendants, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 16.

**COUNT I**
**Plaintiff JONATHAN HADNOTT Against Individual Defendants for Illegal Stop**

17. Plaintiff JONATHAN HADNOTT incorporates and realleges paragraphs 1 - 16, as though set forth herein in their entirety.

**ANSWER:** Defendant Officers hereby restates their answers to paragraphs 1-16, as their answer to paragraph 17, as if fully stated herein.

18. The stop of plaintiff by the individual defendants was without reasonable

suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

**ANSWER:**   Defendant Officers deny the allegations contained in Paragraph 18.

19.   By reason of the conduct of the individual defendants, plaintiff JONATHAN HADNOTT was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MICHAEL KELLY, MARC JAROCKI AND PATRICK GILMORE, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:**   Defendant Officers deny the allegations contained in Paragraph 19.

**WHEREFORE**, Defendant Officers Kelly, Jarocki and Gilmore respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT II
### All Plaintiffs Against Individual Defendants for False Arrest

20.   Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS incorporate and reallege paragraphs 1 - 16, as though set forth herein in their entirety.

**ANSWER:**   Defendant Officers hereby restates their answers to paragraphs 1-16, as their answer to paragraph 20, as if fully stated herein.

21.   The arrest of plaintiffs by the individual defendants was without probable cause and unreasonable.

**ANSWER:**   Defendant Officers deny the allegations contained in Paragraph 21.

22.   By reason of the conduct of the individual defendants, plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants MICHAEL KELLY, MARC JAROCKI AND PATRICK GILMORE, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**ANSWER:**   Defendant Officers deny the allegations contained in Paragraph 22.

**WHEREFORE**, Defendant Officers Kelly, Jarocki and Gilmore respectfully request that judgment be entered in their favor and against Plaintiffs on Count II, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

### COUNT III
### All Plaintiffs Against All Defendants for the State Supplemental Claim of False Imprisonment

23.     Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT and BRANDELL BETTS incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

**ANSWER:**     Defendant Officers hereby restates their answers to paragraphs 1-16, as their answer to paragraph 23, as if fully stated herein.

24.     The arrest of plaintiffs by the individual defendants was without probable cause, unreasonable, and against the will of plaintiffs.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 24.

25.     Defendants MICHAEL KELLY, MARC JAROCKI and PATRICK GILMORE, and each of them, is liable to plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT and BRANDELL BETTS under Illinois law for the state supplemental claim of false imprisonment.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 25.

26.     Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 26.

**WHEREFORE**, Defendant Officers Kelly, Jarocki and Gilmore respectfully request that judgment be entered in their favor and against Plaintiffs on Count III, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT IV
### All Plaintiffs Against Individual Defendants for Unconstitutional Search of Home

27.     Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS incorporate and reallege paragraphs 1 - 16, as though set forth herein in their entirety.

**ANSWER**:  Defendant Officers hereby restate their answers to paragraphs 1-16, as their answer to paragraph 27, as if fully stated herein.

28.     The individual defendants entered and searched the home at 7322 S. Green, Chicago, Illinois without a warrant, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 28.

29.     By reason of the conduct of the individual defendants, plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT, and BRANDELL BETTS, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants MICHAEL KELLY, MARC JAROCKI AND PATRICK GILMORE, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 29.

**WHEREFORE**, Defendant Officers Kelly, Jarocki and Gilmore respectfully request that judgment be entered in their favor and against Plaintiffs on Count IV, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT V
### All Plaintiffs Against All Defendants for the State Supplemental Claim of Trespass

30.     Plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT and BRANDELL BETTS incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

**ANSWER:** Defendant Officers hereby restate their answers to paragraphs 1-16, as their answer to paragraph 27, as if fully stated herein.

31. The individual defendants entered and searched the home at 7322 S. Green, Chicago, Illinois without a warrant, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy, from the loss of certain liberty and related rights.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 31.

32. Defendants MICHAEL KELLY, MARC JAROCKI and PATRICK GILMORE, and each of them, is liable to plaintiffs JONATHAN HADNOTT, JESSIE HADNOTT, KEVIN HUNT and BRANDELL BETTS under Illinois law for the state supplemental claim of trespass.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 32.

33. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of respondeat superior.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 33.

**WHEREFORE**, Defendant Officers Kelly, Jarocki and Gilmore respectfully request that judgment be entered in their favor and against Plaintiffs on Count V, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT VI
**All Plaintiffs Against Defendant CITY OF CHICAGO for *Monell Claim***

Defendant Officers Kelly, Jarocki, and Gilmore make no response to **Count VI** as it is not directed to them.

## AFFIRMATIVE DEFENSES

1. At all times material to the events alleged in Plaintiff's Complaint, reasonable police officers objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed. Defendant Officers, therefore, are entitled to qualified immunity on Plaintiff's Federal law claims.

2. Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. See 745 ILCS 10/2-201 (1998).

3. Defendant Officers are not liable for injuries claimed in the state law counts because, as public employees, they are not liable for acts or omissions in execution or enforcement of the law, unless their conduct constitutes wilful and wanton conduct. See 745 ILCS 10/2-202 (1998). Defendant Officers were engaged in the execution and enforcement of the law and did not engage in any wilful and wanton conduct.

4. Defendant Officers are not liable for injuries claimed under the state law counts because they are not liable for injuries caused by the acts or omission of other persons. See 745 ILCS 10/2-204 (1998).

5. Any award of damages against Defendant Officers shall be reduced in proportion to the comparative fault of the Plaintiff's own intentional or wilful and wanton conduct which proximately caused the claimed injuries and damages.

## JURY DEMAND

Defendant Officers hereby demand a jury trial.

**DATED: AUGUST 26, 2008**

                                                Respectfully submitted,

                                                /s/Gail L. Reich
                                                GAIL L. REICH
                                                Assistant Corporation Counsel

30 North LaSalle Street, Suite 1400
Chicago, IL 60602
(312) 744-1975
Atty No. 06279564