# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN HADNOTT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 07 C 6754 |
| | ) | |
| v. | ) | |
| | ) | Judge David H. Coar |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR JUDGMENT ON SANCTIONS

Defendants City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, and Defendants Patrick Gilmore, Marc Jarocki and Michael Kelly, through their counsel, Assistant Corporation Counsel Ashley C. Kosztya and Gail L. Reich, respectfully request that this Honorable Court set the specific amount of fees and costs to be awarded to the Defendants pursuant to the judgment on sanctions imposed against Plaintiffs' counsel on October 23, 2008 by Chief Magistrate Judge Schenkier, and affirmed by this Honorable Court on February 24, 2009. In support of this motion, Defendants state as follows:

## BACKGROUND

On October 23, 2008, as a sanction, Chief Magistrate Judge Schenkier *sua sponte* awarded the Defendants reasonable attorneys' fees and costs in connection with [litigating] (1) their August 20, 2008 motion to place certain information under seal and for a protective order, (2) their August 28, 2008 in-court appearance on that motion; (3) their reply brief on that motion, and (4) their in-court appearance at the October 23, 2009 hearing. (R.95, 10/23/08 Minute Entry.)

Plaintiffs timely filed their objections to the Court's October 23, 2009 Order, and the parties further briefed the issues before Judge Coar. R. 99, Plaintiffs' Motion to Vacate

Magistrate Judge Order of 10/23/08; R.104, Minute Entry; R. 111, Defendants' Response). On February 24, 2009, Judge Coar issued a Memorandum Opinion and Order denying Plaintiffs' Motion to Vacate Judge Schenkier's October 23, 2008 Order. ( R. 144, Minute Entry; R.145, Memorandum Opinion and Order). In that Opinion, the court on its own motion modified Magistrate Judge Schenkier's October 23, 2008 order "to reflect that the sanction of reasonable costs and fees is against Attorney Dymkar personally." (R.145, 02/24/09 Memorandum Opinion and Order.)

Based on the Court's orders, undersigned counsel for Defendants compiled a spreadsheet calculating their reasonable attorneys' fees and costs expended in litigating the August 20, 2008 motion to place certain information under seal and for a protective order, as well as for litigating Plaintiffs' motion to vacate Magistrate Judge Schenkier's October 23, 2008 order regarding communications Plaintiffs' counsel Irene Dymkar may have had with her clients.

Defendants have attempted to come to an agreement with Plaintiffs' counsel as to a reasonable amount of fees and costs in connection with the aforementioned motion practice. To that end, Defendants' counsel provided Plaintiffs' counsel with a detailed spreadsheet, which compiled the nature of the work performed, the hours expended, and costs incurred as a result of the litigation. However, the parties' efforts to reach a compromise have failed. Plaintiffs' counsel has taken the position that Defendants' counsel are entitled to approximately three hours worth of work (which she estimates to be worth $200) in connection with litigating (1) Defendants' August 20, 2008 motion to place certain information under seal and for a protective order, (2) their August 28, 2008 in-court appearance on that motion; (3) their reply brief on that motion, and (4) their in-court appearance at the October 23, 2009 hearing. Defendants disagree. *See* Exhibit A, Defendants' Bill of Costs, Exhibit B, Correspondence from Defense Counsel

outlining costs and fees incurred dated September 10, 2009, Exhibit C, Correspondence from Plaintiffs' counsel dated October 6, 2009, and Exhibit D, Correspondence from defense counsel detailing how a market rate should apply for reasonable attorneys' fees. (Further, a final conversation on the matter was had in person between undersigned counsel and Attorney Dymkar on November 13, 2009 directly after the deposition of a witness in this case).

## ARGUMENT

**I. It makes no difference that Defendants are represented by salaried government lawyers – the fee award should be calculated in accordance with the prevailing market rate.**

In Exhibit C, Plaintiffs' counsel argues that the attorneys' fees Defendants are seeking should be based upon the salaries of Defendants' lawyers, and that the prevailing market rate does not apply. However, as this court has previously noted, the Seventh Circuit clearly states that prevailing market rates are the standard:

> *Blum v. Stenson,* 465 U.S. 886, 892-96, 104 S.Ct. 1541, 1545-47, 79 L.Ed.2d 891 (1984) teaches prevailing market rates and not the actual costs of legal services are the standard for allowance of reasonable fees, even where a party (in that case the plaintiff) is represented by nonprofit counsel. And in *Hamilton v. Daley,* 777 F.2d 1207, 1213 (7th Cir.1985) (citations omitted, but relying specifically on *Blum* ) our Court of Appeals has made plain that is a two-way street:
>
>> The fact that defendants' attorneys are public servants who will not personally receive any fees awarded makes no difference; we have long upheld fee awards to salaried attorneys.... Fees are based on reasonable billing rates in the relevant community, not net hourly earnings.
>
> In support of the market-rate notion, it also bears mention that the real "costs" of legal services to public-official or governmental-body defendants-even were that the standard, as it is not-are not so easy to ascertain. Surely the salaries paid to the lawyers, their secretaries and other supporting staff are not the whole story. Determination and calculation of the properly allocable items of overhead and fixed costs, not only for the law offices as such but

> for a fairly allocable portion of the general costs of government, would be an enormously complex matter. Because there is no readily ascertainable surrogate for the market, a market value comparison (as directed by *Blum* and *Hamilton* ) represents a fair basis for the award.

*Coleman v. McLare*, 635 F.Supp. 266, 267 -268 (N.D.Ill. 1986)

After consulting the Laffey Matrix (attached as part of Exhibit B) and recent attorney awards in cases coming out of this District (see *Robinson v. City of Harvey,* 2008 WL 4534158 (N.D.Ill. October 7, 2008) incorporated in Exhibit B in its original incarnation as Memorandum Opinion and Order for 99 C 3696, R. 345) wherein the court, in deciding hourly rates for attorneys who represented the plaintiff relied on the Laffey Matrix as well as representations of hourly rates reasonable in the relevant Chicago-area market), Defendants have calculated their reasonable attorney's fees and costs to be $24,284.74, in connection with the litigation in question. *See* Exhibit B (correspondence from Defense Counsel outlining costs and fees incurred dated September 10, 2009 (minus attorneys' fees initially requested for supervising staff), Exhibit E (affidavits of defense counsel regarding counsels' background and records for work on the issues in question).

**II. All the hours Defendants' counsel expended on litigating the issues in question were reasonable, appropriate and justifiable.**

Defendants also note that while Attorney Dymkar's opinion that the fees and costs requested by Defendants is "over the top" (*see* Exhibit C), the time devoted to each task, as documented in Exhibit B, is within the bounds of reasonableness. Further, the Seventh Circuit has recognized that "[l]awyers do not come from cookie cutters. Some are fast studies and others require extra preparation." *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir.1993). The issues litigated by Defense counsel which resulted in the sanctions against Attorney Dymkar are complex. Defense counsel was forced to spend a good deal of time drafting motions and responses, as well as

4

conducting research on an area of law that is not commonplace in Section 1983 litigation. *See* Exhibit B. As such, undersigned counsel Gail L. Reich seeks a fee award on behalf of her clients for approximately 45 hours comprised of legal research, legal drafting, meeting with colleagues, and travel and court appearances. Undersigned counsel Ashley C. Kosztya seeks a fee award on behalf of her client for approximately 24 hours of similar legal work relating to the issues necessitating the motion for the protective order and defending Judge Schenkier's ruling in Plaintiffs' counsel's motion to reconsider the granting of the protective order.

Stated another way, the hours expended at the stage of this case by the Defendants' primary counsel is reasonable in light of the issues raised, the complexity of said issues, counsel's experience levels, the level of resistance from Attorney Dymkar, and the risk that inadequate preparation at this stage could have led to Plaintiffs' counsel not being ordered to reveal whether she had informed her clients as to Michael Kelly's physical description – a matter Plaintiffs' counsel could have easily revealed without compromising her attorney-client relationship, given she ultimately revealed that she had not had such communication with her clients. See *Delgado v. Mak*, 2009 WL 211862 at *6 (N.D.Ill. Jan. 29, 2009) (Dow, J.), citing *Mohr v. Chicago School Reform Board of Trustees*, 194 F.Supp.2d 786, 789 (N.D.Ill. 2002) ("If the winning counsel had taken less time, he might not be in a position to ask for attorneys' fees as the prevailing party's representative").

**III. Plaintiffs' counsel's contention that she should not have to pay for fees for the senior lawyers with whom Defendants' principal trial lawyers consulted should be disregarded, as the use of more than one lawyer is common practice.**

Plaintiffs' counsel states in written correspondence (*see* Exhibit C) that she will not be paying for the work of five attorneys plus a law clerk for work pertaining to the motion for protective order that was granted. Defendants state that the number of hours initially sought by the attorneys who

5

assisted Defendants' principal trial lawyers (two supervisors, an Assistant Corporation Counsel and a law clerk) are reasonable and, in the spirit of compromise, Defendants withdraw their request for the fees incurred by supervising attorneys (reducing the total amount of fees and costs requested to $24,284.74).

Regarding fees incurred by the principal attorneys as a result of having to consult with their more senior colleagues at this, a critical juncture in the litigation, on matters of strategy and for review of draft memoranda, the courts have found that "[C]onsultation of that kind is highly appropriate, efficient, and is exactly what lawyers in firms of all sizes do to best serve their clients. See, e.g. *Bohen v. City of East Chicago*, 666 F.Supp. 154, 157 (N.D.Ind. 1987) ('The use of more than one lawyer is common in legal practice. Consultation among lawyers insures that they do not overlook significant facts or injuries.') (Easterbrook, C.J., sitting by designation)." *Delgado v. Mak*, 2009 WL 211862 at *3.

Defendants also note that the ruling granting the protective order by Judge Schenkier was brought by Plaintiffs' counsel before Judge Coar for reconsideration. This necessitated a second round of briefing by the parties, culminating in Judge Coar affirming the granting of the protective order and clarifying for the parties that the sanctions were to be assessed personally against Plaintiffs' counsel. Plaintiffs' counsel claims she not be responsible for attorneys' fees relating to the filing of her motion for reconsideration of Judge Schenkier's granting of the protective order. Defendants disagree, and affirm that a portion of the attorneys' fees listed in Exhibit B relating to the litigation of the protective order were necessarily incurred in defending against the motion to reconsider the ruling on the protective order.

## **CONCLUSION**

The work undertaken in challenging Plaintiffs' counsel's position that she did not have to reveal whether she had given Defendant Michael Kelly's physical description to her clients paid off. In these circumstances, the quantity and quality of the work produced by Defense counsel is appropriate and reasonable; therefore the request for $24,284.74 in attorneys' fees and cost should be granted.

**WHEREFORE**, Defendants respectfully request that the sanction of reasonable costs and fees in the amount of $24,284.74 be entered against Attorney Irene Dymkar.

Respectfully submitted,

| | |
|---|---|
| MARA S. GEORGES<br>CORPORATION COUNSEL | MARA S. GEORGES<br>CORPORATION COUNSEL |
| BY: /s/ Ashley C. Kosztya<br>ASHLEY C. KOSZTYA<br>Assistant Corporation Counsel<br>Attorney for Defendants | BY: /s/ Gail L. Reich<br>GAIL L. REICH<br>Assistant Corporation Counsel<br>Attorney for Defendants |

30 N. LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-2826/4175