# EXHIBIT C

*Hadnott v. Kelly, et al.*
07 C 6754

*Irene K. Dymkar*
Attorney at Law
300 West Adams, Suite 330
Chicago, IL 60606-5107
(312) 345-0123
fax (312) 345-0066
dymkarlaw@ameritech.net

October 6, 2009

**Delivered by fax and mail**
Alec McAusland
Gail Reich
City of Chicago, Department of Law
30 N. LaSalle, Suite 1400
Chicago, IL 60602

Ashley Kosztya
Megan K. McGrath
City of Chicago, Department of Law
30 N. LaSalle, Suite 1020
Chicago, IL 60602

Re: Hadnott v. Kelly, 07 C 6754

Dear Counsel:

    Your bill of costs is over the top. It seems clear that this is a distraction from the task at hand, which is preparing for trial.

    Attorneys' fees to bring and argue a motion for a protective order were granted. Period. You have listed the work of *five attorneys and a law clerk* over the period of *seven months*. You have listed $3000 in "legal research" costs. I cannot sort out from the charts you provided what your true time and true costs might be.

    I appreciate obtaining a copy of the Laffey Matrix and Judge Lefkow's opinion, because they will be helpful to me in any fees petition I may make in the future, maybe even in the Hadnott case. However, the Matrix is not relevant to the rate of government attorneys. If you are making $20/hour, then that is your rate; if you are making $40/hour, then that is your rate. You cannot compare yourself to a private attorney who has overhead expenses (rent, employees, equipment costs, telephone, and other costs) which you never pay. Therefore, the attorney who drafted the motion, Gail Reich, should disclose her hourly rate and we can go from there.

    One final note. Although your rank and experience in the office and the fact that you work for a bureaucracy may require you to talk to numerous people before you can file a document does not mean five attorneys and a law clerk can claim fees for one motion for a protective order.

    We can discuss this more at length after the trial, in order to reach an amicable resolution.

Sincerely,

Irene K. Dymkar